OPINION *Page 2 
{¶ 1} Appellant Larry D. Thompson appeals the June 19, 2008, Judgment Entry entered by the Ashland County Court of Common Pleas, which denied his Motion to Vacate Judgment.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts of this case are as follows:
 {¶ 4} On April 12, 2006, Appellant Larry D. Thompson entered a laundry and tanning establishment, displayed a knife, and ordered the two female employees into a back storage closet. Once in the closet, he tied the hands of one employee and then ordered the other employee to remove her shirt. He then ordered the other woman to remove her shirt, which she did after he untied her hands. Appellant then proceeded to smoke crack in front of the employees. After smoking, he left the closet and stole money from the establishment. He returned to the closet, ordered the employees not to leave for ten minutes, and then he left.
 {¶ 5} On April 28, 2006, the State of Ohio filed a Bill of Information charging Appellant with one count each of Aggravated Robbery, Abduction, and Possessing Criminal Tools. Appellant was appointed trial counsel, who represented Appellant through the trial court proceedings.
 {¶ 6} On May 1, 2006, after the trial court explained the nature of the charges against him, Appellant waived his right to indictment by a grand jury.
 {¶ 7} As set forth in a Judgment Entry dated May 2, 2006, Appellant entered pleas of guilty to all three charges. The trial court sentenced Appellant to prison terms of *Page 3 
ten years for Aggravated Robbery, five years for Abduction, and one year for Possessing Criminal Tools. The trial court ordered the sentences to be served consecutively. (See June 23, 2006, Judgment Entry).
 {¶ 8} On May 27, 2008, Appellant filed a "Motion to Vacate, Set Aside or Modify Conviction and Sentence Pursuant to Ohio Revised Code 2953.21
and 2953.23". The basis for said motion was: "Defendant's aggravated robbery indictment failed to charge the mens rea element resulting in the lack of legal notice. The structural error is constitutional error making Defendant's conviction void as a matter of United States and Ohio Constitutional law."
 {¶ 9} By Judgment Entry filed June 19, 2008, the trial court denied Appellant's motion to vacate based on untimely filing and res judicata.
 {¶ 10} Appellant now appeals that decision and herein raises the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 11} "I. THE TRIAL COURT ABUSED ITS DISCRETION OVERRULING DEFENDANT'S POSTCONVICTION MOTION TO VACATE, SET ASIDE OR MODIFY CONVICTION AND SENTENCE.
 a. DEFENDANT'S BILL OF INFORMATION FAILED TO CHARGE HIM WITH AGGRAVATED ROBBERY.
 b. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO CONVICT AND SENTENCE DEFENDANT FOR AGGRAVATED ROBBERY. DEFENDANT'S CONVICTION AND SENTENCE ARE VOID AB INITIO. *Page 4 
 c. THE TRIAL COURT ERRED DISMISSING DEFENDANT'S POSTCONVICTION MOTION BY THE DOCTRINE OF RES JUDICATA, AND WHEN THE COURT STATED THAT SHE HAD NO JURISDICTION TO CONSIDER DEFENDANT'S REQUEST.
 {¶ 12} "II. DEFENDANT'S SENTENCES ARE CONTRARY TO LAW WHERE AGGRAVATED ROBBERY, ABDUCTION AND CRIMINAL TOOLS ARE ALL ALLIED OFFENSES OF SIMILAR IMPORT."
 {¶ 13} This case comes to us on the accelerated calendar governed by App. R. 11.1, which states the following in pertinent part:
 {¶ 14} "(E) Determination and judgment on appeal
 {¶ 15} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 16} The decision may be by judgment entry in which case it will not be published in any form."
 I. {¶ 17} In his first Assignment of Error, Appellant argues that the trial court's denial of his petition for post-conviction relief was an abuse of discretion. We disagree.
 {¶ 18} The trial court denied Appellant's post-conviction motion to vacate as being untimely and barred by the doctrine of res judicata.
 {¶ 19} R.C. § 2953.21(A)(2) provides for time limitations and states the following:
 {¶ 20} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred *Page 5 
eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court."
 {¶ 21} Upon review of the docket, we find that the trial transcript in this matter was filed on September 1, 2006, requiring him to file his petition no later than February 28, 2007. Appellant filed his post-conviction motion on May 27, 2008. Therefore, pursuant to said statute, we find the statutory time period for Appellant's motion for post-conviction relief had expired. In addition, Appellant has not shown any reason for the untimely filing under R.C. § 2953.23(A).
 {¶ 22} Also, Appellant's arguments about his sentence were available on direct appeal. Therefore, Appellant's arguments are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio inState v. Perry (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for post-conviction relief. The Perry court explained the doctrine at 180-181 as follows:
 {¶ 23} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."
 {¶ 24} Finally, Appellant has submitted the case of State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, as supplemental authority in this appeal. In Colon, the Ohio *Page 6 
Supreme Court held that an indictment for robbery in violation of R.C. § 2911.02(A)(2) omitted an essential element of the crime by failing to charge a mens rea, i.e., that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. TheColon court determined that the indictment failed to charge an offense, a constitutional, structural error not waived by failing to raise that issue in the trial court.
 {¶ 25} However, we find that the holding in Colon I is only prospective in nature, in accordance with the Ohio Supreme Court's general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively. See State v.Colon, Slip Opinion No. 2008-Ohio-3749 (Colon II). A Colon claim is prospective only, and does not apply to collateral attacks such as petitions for post-conviction relief.
 {¶ 26} Furthermore, we find that Colon has no application to this appeal. Colon was a direct appeal from the Appellant's judgment of conviction, while this is an appeal from the denial of a petition for post-conviction relief. Post-conviction relief is not available to challenge the validity or sufficiency of an indictment as an adequate remedy exists by direct appeal. State ex rel. Simpson v. Lazaroff,75 Ohio St.3d 571, 1996-Ohio-571; Chapman v. Jago (1976), 48 Ohio St.2d 51;Minyard v. Morgan (June 29, 2001), Marion App. No. 9-2000-103; State v.Murr (May 26, 1995), Sandusky App. No. S-94-025.
 {¶ 27} Post-conviction relief is available only for errors based upon facts and evidence outside the record. "Errors and deficiencies in an indictment are not outside the record; therefore they can only be attacked on direct appeal. * * * It follows that a court may apply the doctrine of res judicata to bar a petition for post-conviction relief if it *Page 7 
is based upon a claim that the indictment is insufficient or defective, since this claim would not require consideration of matters outside the original record." State v. Grimm (April 25, 1997), Miami App. Nos. 96-CA-37 and-38 (citations omitted). The petitioner did not raise the sufficiency of the indictment on direct appeal, although he could have done so. Therefore, he is barred by res judicata from raising that issue now.
 {¶ 28} Finally, even if the sufficiency or validity of the indictment could be raised by a petition for post-conviction relief, Colon does not support the contention that the indictment in this case was invalid.Colon concerned an indictment for robbery in violation of R.C. § 2911.02(A)(2), which provides that "No person, in attempting or committing a theft offense * * * shall do any of the following: * * * (2) Inflict, attempt to inflict, or threaten to inflict physical harm." The Colon court held that:
 {¶ 29} "R.C. 2911.02(A)(2) does not specify a particular degree of culpability for the act of `inflict[ing], attempting] to inflict, or threaten [ing] to inflict physical harm,' nor does the statute plainly indicate that strict liability is the mental standard. As a result, [pursuant to R.C. 2901.21(B),] the state was required to prove, beyond a reasonable doubt, that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. Colon, 2008-Ohio-1624, ¶ 14.
 {¶ 30} In the case sub judice, Appellant was charged with aggravated robbery in violation of R.C. § 2911.01(A)(1). This charge did not contain the physical harm element at issue in Colon, but instead charged that the petitioner "[had] a deadly weapon on or about his person or under his control, to-wit: one (1) knife, and did display said weapon, or brandish it, or indicate that he possessed it, or used said weapon, in violation of *Page 8 
Ohio Revised Code Section 2911.01(A)(1), AGGRAVATED ROBBERY, a felony of the first degree."
 {¶ 31} Unlike the physical harm element, "[t]he deadly weapon element of R.C. 2911.02(A)(1), to wit, `[h]ave a deadly weapon on or about the offender's person or under the offender's control[,]' does not require the mens rea of recklessness." State v. Wharf (1999), 86 Ohio St.3d 375, paragraph one of the syllabus. "To establish a violation of R.C. 2911.02(A)(1), it is not necessary to prove a specific mental state regarding the deadly weapon element of the offense of robbery."Id., paragraph two of the syllabus. The deadly weapon element of aggravated murder is analogous, and also does not require proof of a mens rea element. State v. Kimble, Mahoning App. No. 06 MA 190,2008-Ohio-1539, ¶ 29. Therefore, the indictment in this case was not insufficient.
 {¶ 32} Having found that the indictment in this cause was not insufficient, we find Appellant's argument that the trial court lacked subject matter jurisdiction to be without merit.
 {¶ 33} Appellant's first Assignment of Error is therefore overruled.
 II. {¶ 34} In his second assignment of error, Appellant agues that his sentence should be vacated because the offenses for which he was charged were allied offense of similar import. We disagree.
 {¶ 35} A review of the record reveals that Appellant failed to raise this issue at the trial court level or in his petition for post-conviction relief and now argues it for the first time in this appeal. The "failure to timely advise a trial court of possible error, by *Page 9 
objection or otherwise, results in a waiver of the issue for purposes of appeal." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121. We find that appellant therefore has waived review of this issue by failing to raise it at the trial level or in his post-conviction motion.
 {¶ 36} Appellant's second Assignment of Error is overruled.
 {¶ 37} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
 Wise, P. J. Edwards, J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1