OPINION *Page 2 
{¶ 1} On February 26, 1993, the Fairfield County Grand Jury indicted appellant, John Frazier, on two counts of aggravated murder in violation of R.C. 2903.01(A) and (B) with specifications, and one count of aggravated robbery in violation of R.C. 2911.01 with specifications. On May 15, 1996, appellant pled guilty to aggravated murder in violation of R.C. 2903.01(B), the aggravated robbery count, and three specifications. The remaining aggravated murder count and specifications were dismissed. By entry filed May 16, 1996, the trial court sentenced appellant to an aggregate term of life in prison with parole eligibility after thirty years, plus a three year mandatory sentence served prior to and consecutive to the life sentence. A nunc pro tunc sentencing entry to reflect the correct aggravated murder statute appellant pled guilty to was filed on May 24, 1996.
 {¶ 2} On July 21, 2008, appellant filed a petition for postconviction relief, claiming the indictment was defective. By judgment entry filed September 12, 2008, the trial court denied the petition.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE STATE COURT FAILED TO ACTUALLY LIST AGGRAVATED ROBBERY AS THE OFFENSE BEING CHARGED IN COUNT THREE (3), AND TO LIST AND/OR MEET REQUIRED ELEMENTS OF THE OFFENSES UPON THE INDICTMENT REQUIRED TO CHARGE THE CRIME, AND THUS IS IN VIOLATION OF ARTICLE I. SECTION 10 AND 16 OF THE OHIO CONSTITUTION, AND THE *Page 3 FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND O.R.C. § 2901.21(B)(D) O.R.C. § 2901.22(E) AND CRIMINAL RULE. 7(B)(D), 12(C)(2)."
 I {¶ 5} Appellant challenged the sufficiency of his indictment via a petition for postconviction relief which the trial court denied. Therefore, appellant essentially claims the trial court erred in denying his petition for postconviction relief. We disagree.
 {¶ 6} In denying appellant's petition for postconviction relief, the trial court found the following:
 {¶ 7} "Defendant's Petition is untimely filed and does not satisfy the requirements of any recognized exception allowing untimely filing.
 {¶ 8} "Defendant's Petition is barred by Res Judicata.
 {¶ 9} "Defendant's Petition relies on the case of State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624. The holding in Colon does not apply to the facts in this case.
 {¶ 10} "Defendant has failed to show any prejudice that would warrant this Court granting post-conviction relief." Judgment Entry filed September 12, 2008.
 {¶ 11} R.C. 2953.21 governs petition for postconviction relief. Subsection (A)(2) states the following:
 {¶ 12} "(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the *Page 4 
supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 13} R.C. 2953.23(A)(1) states the following in pertinent part regarding an untimely filing:
 {¶ 14} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 15} "(1) Both of the following apply:
 {¶ 16} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 17} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." *Page 5 
 {¶ 18} Appellant was sentenced via a nunc pro tunc sentencing entry filed May 24, 1996. An appeal was never filed. More than twelve years later, on July 21, 2008, appellant filed his petition for postconviction relief based upon the Supreme Court of Ohio's ruling in State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624 (Colon I). Appellant citesColon I at ¶ 17, quoting the following from Harris v. State (1932), 125 Ohio St. 257, 264:
 {¶ 19} "`The material and essential facts constituting an offense are found by the presentment of the grand jury; and if one of the vital and material elements identifying and characterizing the crime has been omitted from the indictment such defective indictment is insufficient to charge an offense, and cannot be cured by the court, as such a procedure would not only violate the constitutional rights of the accused, but would allow the court to convict him on an indictment essentially different from that found by the grand jury.'"
 {¶ 20} Appellant argues the indictment in his case was defective because it "did not include all the elements of the offense charged, as the indictment omitted the required mens rea for the crime of aggravated robbery," and he was not placed on notice "that the state was required to prove that he had been reckless in order to convict him of the offense of robbery," thus violating his due process rights. Appellant's Brief at 10.
 {¶ 21} Appellant's argument does not rely on the language in R.C. 2953.23(A)(1)(a) that he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," but rather new case law i.e., Colon I. First, Colon I is not a decision from the United States Supreme Court. *Page 6 
Secondly, in State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749
(Colon II), ¶ 3, the Supreme Court of Ohio reconsidered Colon I and specifically stated Colon I "is only prospective in nature;" therefore, it does not apply retroactively and hence, does not apply sub judice.
 {¶ 22} Furthermore, Colon I involved the offense of robbery in violation of R.C. 2911.02(A)(2). In this case, appellant was indicted for aggravated robbery in violation of R.C. 2911.01. Unlike the "physical harm" element contained in R.C. 2911.02, R.C. 2911.01 contains a "deadly weapon" element which does not require the mens rea of recklessness. Therefore, the indictment in this case was not defective.State v. Thompson, Ashland App. No. 08 COA 018, 2008-Ohio-5332, ¶ 28-31.
 {¶ 23} Upon review, we find the trial court did not err in denying appellant's petition for postconviction relief.
 {¶ 24} The sole assignment of error is denied.
 {¶ 25} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Farmer, P.J. Hoffman, J. and Edwards, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed. Costs to appellant. *Page 1