OPINION
{¶ 1} Defendant-appellant, Fernando Alvarez (hereinafter "Alvarez"), appeals the Defiance County Common Pleas judgment of conviction and imposition of sentence. For reasons that follow, we reverse in part and affirm in part.
 {¶ 2} On August 3, 2007, the Defiance County Grand Jury indicted Alvarez on four counts, including: count one of aggravated burglary in violation of R.C. 2911.11(A)(1), a first degree felony; count two of aggravated robbery in violation of R.C. 2911.01(A)(3), a first degree felony; count three of kidnapping in violation of R.C. 2905.01(B)(1), a first degree felony; and count four of felonious assault in violation of R.C. 2903.11(A)(1), a second degree felony.
 {¶ 3} Alvarez was found indigent and appointed counsel on August 17, 2007. A jury trial was held on November 8, 2007. On November 9, 2007, the jury returned guilty verdicts on all four counts. On December 19, 2007, Alvarez was sentenced to: eight (8) years imprisonment on counts one, two, and three; and seven (7) years on count four. All sentences were run consecutively for a total of thirty-one (31) years imprisonment. Alvarez was also ordered to pay $3,719.95 restitution and court costs.
 {¶ 4} On January 17, 2008 Alvarez filed his notice of appeal in this matter and now asserts three assignments of error for review. *Page 3 
 ASSIGNMENT OF ERROR NO. I By failing to charge any level of mens rea for the serious-physical-injury element of aggravated robbery, under R.C. 2911.01(A)(3), the indictment failed to properly charge Mr. Alvarez and failed to give him notice of the charges against him. This error violated Mr. Alvarez's constitutional rights of indictment by a grand jury and to due process. Section 10, Article I, Ohio Constitution; Section 16, Article I, Ohio Constitution; the Due Process Clause; State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917; (Indictment, August 3, 2007, Count Two).
 {¶ 5} In his first assignment of error, Alvarez argues that his aggravated robbery conviction must be reversed on the basis of State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (hereinafterColon I). Alvarez argues that Colon I applies to his aggravated robbery conviction under R.C. 2911.01(A)(3), because that division is analogous to robbery under R.C. 2911.02(A)(2).
 {¶ 6} The State, on the other hand, argues that Colon I was limited to robbery convictions under R.C. 2911.02(A)(2). The State further argues that: R.C. 2901.21(B) would import recklessness only if R.C. 2911.01in its entirety lacked any mens rea element; R.C. 2911.01(B) contains the mens rea element of knowingly; and therefore, recklessness is not imported. The State also points out that R.C. 2911.01 requires the commission of a theft or theft-type offense, which requires proof that the defendant acted with the purpose to deprive the owner of property or services and knowingly obtained or exerted control over the property *Page 4 
or services; and therefore, R.C. 2901.21(B) does not import recklessness. The State further argues that Colon I is not authoritative since a motion for reconsideration is pending with the Ohio Supreme Court.
 {¶ 7} In order to address the issues raised in this assignment of error, we must first analyze the Ohio Supreme Court's opinions inColon I and II to determine if Colon I applies to the facts of this case. If we find that Colon I does apply, we must next determine, in light of Colon II, which standard of review applies — structural-error analysis or plain error analysis. Third, applying the appropriate standard of review, we must determine the case's disposition.
Colon I
 {¶ 8} Defendant Colon was convicted by a jury on one count of robbery in violation of R.C. 2911.02(A)(2). Colon, 2008-Ohio-1624, at ¶ 2. The indictment charged Colon as follows: "[I]n attempting or committing a theft offense, as defined in R.C. 2913.01 of the Ohio Revised Code, or in fleeing immediately after the attempt or offense upon [the victim, the defendant did] inflict, attempt to inflict, or threaten to inflict physical harm on [the victim]." Id.
 {¶ 9} On appeal, Colon argued that his "state constitutional right to a grand jury indictment and state and federal constitutional rights to due process were violated when his indictment omitted an element of the offense." Id. at ¶ 4. The Court of Appeals found that any alleged indictment defect was waived *Page 5 
pursuant to Crim. R. 12(C)(2) since Colon failed to raise the issue before trial. Id. at ¶ 5.
 {¶ 10} The Ohio Supreme Court, however, reversed and found that the indictment was defective because it lacked a mental element for R.C. 2911.02(A)(2)'s actus reas: "Inflict, attempt to inflict, or threaten to inflict physical harm on another." Id. at ¶ 10. The Court inColon then found that: R.C. 2911.02(A)(2) did not specify a particular degree of culpability nor plainly indicate strict liability; and therefore, recklessness was the required mental element pursuant to R.C. 2901.21(B). Id. at ¶¶ 12-14. Consequently, the Court in Colon concluded that a division (A)(2) robbery conviction required that "the state * * * prove, beyond a reasonable doubt, that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm." Since Colon's indictment failed to charge that he recklessly inflicted or attempted to inflict physical harm and recklessness was an essential element of the crime, Colon's indictment was declared defective. Id. at ¶ 15.
 {¶ 11} The Court in Colon then determined that the defective indictment constituted a structural error, which could be raised for the first time on appeal. Id. at ¶ 19. The Court reasoned that the error was structural because it: deprived Colon of his Ohio constitutional right to presentment and indictment by a grand jury (Section 10, Article I); and "permeated the defendant's entire criminal proceeding." Id. at ¶¶ 24-25, 32. Supporting its finding that the error permeated *Page 6 
the entire proceeding, the Court noted that: (1) there was no evidence that defendant had notice that the State was required to prove recklessness; (2) the State never argued that defendant's conduct was reckless; (3) the jury instructions failed to provide the recklessness element; (4) there was no evidence that the jury considered whether the defendant acted recklessly; and (5) the prosecutor treated robbery as a strict liability offense in closing argument. Id. at ¶¶ 30-31. The Court then found that this error could be raised for the first time on appeal, because Crim. R. 12(C)(2)'s exception for failure "to charge an offense" applied. Id. at ¶ 37.
Colon II
 {¶ 12} Following Colon I, the State of Ohio filed a motion for reconsideration. On July 31, 2008, the Ohio Supreme Court issued its decision clarifying and upholding Colon I. State v. Colon,119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 ("Colon II"). The Court inColon II stated "[w]e assume that the facts that led to our opinion inColon I are unique," and "[i]n most defective-indictment cases in which the indictment fails to include an essential element of the charge, we expect that plain-error analysis, pursuant to Crim. R. 52(B), will be the proper analysis to apply." Id. at ¶¶ 6, 7. The Court also noted that structural error was "appropriate only in rare cases, such as ColonI, in which multiple errors at the trial follow the defective indictment." Id. at ¶ 8. Noting the differences between Colon I and "most defective-indictment cases," the Court *Page 7 
pointed to the errors that it considered for determining that structural-error analysis was appropriate:
 In Colon I, we concluded that there was no evidence to show that the defendant had notice that recklessness was an element of the crime of robbery, nor was there evidence that the state argued the defendant's conduct was reckless. Further, the trial court did not include recklessness as an element of the crime when it instructed the jury. In closing argument, the prosecuting attorney treated robbery as a strict-liability offense.
Id. at ¶¶ 6-7, citing Colon I, 2008-Ohio-1624 at ¶¶ 30-31. The Court also stated that "[s]eldom will a defective indictment" lead to errors, such as those in Colon I, which "permeate the trial from beginning to end and put into question the reliability of the trial court in functioning as a vehicle for determination of guilt or innocence." Id. at ¶ 8, citingState v. Perry, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 17. The Court concluded by stating that, "we emphasize that the syllabus in Colon I is confined to the facts in that case." Id. at ¶ 8.
Whether Colon I is authoritative or applicable
 {¶ 13} The State argues that Colon I is not authoritative because a motion for reconsideration is pending before the Court. Since the Ohio Supreme Court has since ruled on the motion for reconsideration, this argument is meritless. Colon, 2008-Ohio-3749 (Colon II). The State also argues that Colon I is inapplicable to the present case because the defendant in Colon I was convicted of robbery in violation of R.C. 2911.02(A)(2); whereas, Alvarez was convicted of aggravated robbery in violation of R.C. 2911.01(A)(3). Although the State's *Page 8 
argument has support from other courts' dicta, including the Ohio Supreme Court in Colon II, we are not persuaded that this distinction prevents Colon I's application.
 {¶ 14} In Colon II, the Ohio Supreme Court stated that "the syllabus in Colon I is confined to the facts in that case." 2008-Ohio-3749, at ¶ 8. While this statement, read in isolation, supports the State's contention that Colon I should not be expanded to other crimes, the Court in Colon II was not limiting Colon I's central holding — "when an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment" — in Colon II; rather, the Court was limiting the application of structural-error analysis and emphasizing that, generally speaking, plain-error analysis applies. Likewise, we are not persuaded that the Court's limiting comments inColon II indicate that its holding applies only to R.C. 2911.02(A)(2); instead, the comments should be read as limiting the application of structural-error analysis.
 {¶ 15} Similarly, the Court of Appeals for the Tenth District noted that it was "reluctant to expansively construe Colon I `s holding to statutes not considered by Colon I, especially since Colon II emphasized that the syllabus in Colon I is confined to the facts in that case."State v. Hill, 10th Dist. No. 07AP-889, 2008-Ohio-4257, ¶ 34. InHill, the tenth district was presented with Colon I's application to aggravated robbery under R.C. 2911.01(A)(1). Id. at ¶ 35. The *Page 9 
Court in Hill ultimately concluded, however, that Colon I was inapplicable to aggravated robbery convictions under R.C. 2911.01(A)(1) based upon its prior opinion in State v. Ferguson, 10th Dist. No. 07AP-640, 2008-Ohio-3827. In Ferguson, the Court found thatColon I was inapplicable to R.C. 2911.01(A)(1) because that sub-section imposes strict liability like the lesser included crime of robbery under R.C. 2911.02(A)(1). 2008-Ohio-3827, at ¶¶ 38-46, citing State v.Kimble, 7th Dist. No. 06 MA 190, 2008-Ohio-1539; State v. Wharf (1999),86 Ohio St.3d 375, 715 N.E.2d 172. Accordingly, we find the Tenth District's statement concerning Colon I's application to other criminal statutes to be dicta.
 {¶ 16} The State further argues that: R.C. 2901.21(B) imports recklessness only if section R.C. 2911.01 in its entirety lacks any mens rea element; R.C. 2911.01(B) contains the mens rea element of knowingly; and therefore, recklessness is not imported. The State also points out that R.C. 2911.01 requires the commission of a theft or theft-type offense, which requires proof that the defendant acted with thepurpose to deprive the owner of property or services andknowingly obtained or exerted control over the property or services; and therefore, R.C. 2901.21(B) does not import recklessness. In support of its argument, the State points to the Ohio Supreme Court's decision inState v. Maxwell, wherein it stated:
 [A] court must be able to answer in the negative the following two questions before applying the element of recklessness pursuant to R.C. 2901.21(B): (1) does the section defining an *Page 10 offense specify any degree of culpability, and (2) does the section plainly indicate a purpose to impose strict criminal liability?
 * * *
 Appellant argues that the court of appeals misinterpreted the word "section" in R.C. 2901.21(B) to mean "division" of a Revised Code section, and mistakenly applied R.C. 2901.21. We agree. The General Assembly distinguishes between sections and divisions in the Ohio Revised Code. * * * Thus, in determining whether R.C. 2901.21(B) can operate to supply the mental element of recklessness to R.C. 2907.321(A)(6), we need to determine whether the entire section includes a mental element, not just whether division (A)(6) includes such an element.
95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶¶ 21-22. The State further points out that the Ohio Supreme Court has followed this R.C. 2901.21(B) analysis at least as far back as its decision in State v.Mac (1981) and as recently as State v. Fairbanks (2008).68 Ohio St.2d 84, 86, 428 N.E.2d 428; 117 Ohio St.3d 543, 2008-Ohio-1470,885 N.E.2d 888, ¶¶ 11, 13-14.
 {¶ 17} Implicit in the State's argument is that the Court inColon I incorrectly applied R.C. 2901.21(B) because it only searched for a mental element in division (A)(3) of R.C. 2911.01 rather than searching the entire section for mental elements. Although members of this Court may be sympathetic to the State's argument, we are an intermediary court and, therefore, bound by the Ohio Supreme Court's opinions in Colon I and II.
 {¶ 18} The statutory language at issue in this case is almost identical to that in Colon I. Colon was convicted of robbery under R.C. 2911.02(A)(2), which provides, in pertinent part: *Page 11 
 No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 * * *
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
R.C. 2911.02(C)(2) provides: `"Theft offense" has the same meaning as in section 2913.01 of the Revised Code." Alvarez was convicted of aggravated robbery under R.C. 2911.01(A)(3), which provides, in pertinent part:
 No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 * * *
 (3) Inflict, or attempt to inflict, serious physical harm on another.
(Emphasis added). The only substantive differences between these two statutes are: (1) the degree of physical harm that the defendant attempted to inflict or inflicted — physical harm vs. serious physical harm; and (2) a threat of physical harm is sufficient to constitute an (A)(2) robbery, but not sufficient to constitute an (A)(3) aggravated robbery. We fail to see how these distinctions evade Colon I's requirement that "recklessly" be imported into division (A)(3) of the aggravated robbery statute. Therefore, we are not persuaded thatColon I is distinguishable from the present case as the State argues.
 {¶ 19} Furthermore, this Court notes along with our sister court that:
 [f]ollowing the Ohio Supreme Court's decision in Colon, the Ohio Jury Instructions Committee ("the Committee") revised, *Page 12 through provisional instructions, the jury instructions for aggravated robbery, robbery, and aggravated burglary, in order to comport with Colon. In revising the jury instruction for aggravated robbery, the committee inserted the term "recklessly" to the provisions of R.C. 2911.01(A)(3), i.e., that the defendant, while committing or attempting to commit a theft offense "recklessly" inflicted or attempted to inflict serious physical harm on the victim.
Ferguson, 2008-Ohio-3827, at ¶ 48, citing 4 Ohio Jury Instructions (2008), Section 511.01(A)(3) (Revised 5/3/08). Although the Ohio Jury Instructions are not binding legal authority, they are, nonetheless, "helpful as an example of the generally accepted interpretation of Ohio statutes." Id. at ¶ 47, citing State v. ardner, 118 Ohio St.3d 420,2008-Ohio-2787, 889 N.E.2d 995, ¶ 97 (Lanzinger, J., dissenting). See also, State v. Mullins, 2nd Dist. No. 22301, 2008-Ohio-2892, ¶ 23.
 {¶ 20} Like robbery's division (A)(2) in Colon I, aggravated robbery division (A)(3) lacks any mental element and does not impose strict liability; therefore, R.C. 2901.21(B) imports the default mental element of recklessness. Colon I, 2008-Ohio-1624, ¶¶ 11-15. Count two of the grand jury indictment against Alvarez provided, in pertinent part:
 * * * on or about June 24, 2007, at Defiance County, Ohio, Fernando B. Alvarez did, in attempting or committing a theft offense, as defined in R.C. 2913.01 of the Ohio Revised Code, or in fleeing immediately after the attempt or offense, inflict, or attempt to inflict, serious physical harm on another, in violation of Ohio Revised Code Section 2911.01(A)(3), Aggravated Robbery, a Felony of the First Degree, and against the peace and dignity of the State of Ohio; * * * *Page 13 
(Aug. 3, 2007 Indictment, Doc. No. 2). Since Alvarez's indictment lacked the necessary mental element of recklessness for aggravated robbery division (A)(3), his indictment was defective. Colon I, 2008-Ohio-1624, at ¶ 15. Alvarez may argue this indictment defect for the first time on appeal. Id. at ¶ 45, syllabus.
Applicable Standard After Colon II
 {¶ 21} Since we have found that Colon I applies to this case and that Alvarez's indictment was defective, we must now determine, in light ofColon II, whether a plain-error analysis or structural-error analysis applies. We find that structural-error analysis applies.
 {¶ 22} The Court in Colon I and II outlined four prongs that must be met to apply structural-error analysis; if any one prong is lacking, then plain-error analysis applies. Those four prongs are as follows: (1) there is "no evidence to show that the defendant had notice that recklessness was an element of the crime"; (2) there is no "evidence that the state argued that the defendant's conduct was reckless"; (3) "the trial court did not include recklessness as an element of the crime when it instructed the jury"; and (4) "[i]n closing argument, the prosecuting *Page 14 
attorney treated [the crime] as a strict-liability offense."[1]Colon I, 2008-Ohio-1624, at ¶¶ 29-31; Colon II, 2008-Ohio-3749, at ¶ 6.
 {¶ 23} Like Colon I, all four prongs are met in this case. First, there is no evidence to show that Alvarez had notice that recklessness was an element of the crime of aggravated robbery under R.C. 2911.01(A)(3). Aside from the fact the indictment failed to mention recklessness, the bill of particulars was also silent as to the required culpability. The bill of particulars provided, in pertinent part:
 With respect to Count Two of the Indictment, the State's evidence will show that on or about June 14, 2007, the Defendant did, in attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, inflict or attempt to inflict serious physical harm on another, in violation of Ohio Revised Code Section 2925.03(A)(1); specifically, on or about the date stated, Defendant while assaulting Dewayne Sanders took property belonging to Mr. Sanders. The assault continued after leaving the residence and continued causing Mr. Sanders serious physical harm.
(Nov. 2, 2007 Bill of Particulars, Doc. No. 67). Second, there was no evidence that the State argued that Alvarez's conduct was reckless. In fact, the prosecution never mentioned recklessness in either its opening or closing statements to the *Page 15 
jury. (Nov. 8, 2007 Tr. at 163, 483). Third, the trial court did not include recklessness as an element of the offense. The trial court instructed, in pertinent part, as follows:
 In Count Two of the indictment, the Defendant is charged with Aggravated Robbery. Before you can find the Defendant guilty of Aggravated Robbery as charged in this Count, you must find beyond a reasonable doubt that on or about June 24, 2007, at Defiance County, Ohio, the Defendant, Fernando B. Alvarez, did, in attempting or committing a theft offense, or in fleeing immediately after the attempt or offense, inflict, attempt to inflict or threaten to inflict serious physical harm on another.[2]
 An attempt occurs when a person knowingly engages in conduct which, if successful, would result in the commission of the offense.
 It is an element of Aggravated Robbery as charged here that the Defendant committed, or attempted to commit, a theft offense. A theft offense means that the Defendant, knowingly, obtained or exerted control over the property of another with the purpose to deprive the owner of such property without the consent of the owner or a person authorized to give consent. A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result. A purpose has — A person has knowledge of circumstances when he is aware that such circumstances probably exist. And since you cannot look into the mind of another, knowledge is determined from all the facts and circumstances in evidence. You will determine from these facts and circumstances whether there existed at the time in the mind of the Defendant an awareness of the probability that he was obtaining or exerting control over the property of *Page 16 
 another without the consent of the owner or person authorized to give consent.
 Property means any property, real or personal, tangible or intangible.
 Purpose to deprive the owner of property is an essential element of theft. A person acts purposely when it is his specific intention to cause a certain result. It must be established in this case that at the time in question there was present in the mind of the Defendant a specific intention to deprive another of property. Purpose is a decision of the mind to do an act with the conscious objective of producing a specific result. To do an act purposely is to do it intentionally and not accidentally. Purpose and intent mean the same thing. The purpose with which a person does an act is known only to himself unless he expresses it to others or indicates it by his conduct. The purpose which a person does an act is determined from the manner in which it is done, the means or weapon used and all other facts and circumstances in evidence.
 Deprive means to withhold property of another permanently or for such period of time as to appropriate a substantial portion of its value of use or with a purpose to restore it only upon a payment or reward or other consideration. Deprive also means to accept the use or appropriate money, property or services with a purpose not to give proper consideration in return therefore and without reasonable justification or excuse for not giving proper consideration.
 The act of inflicting, attempting to inflict or threatening to inflict serious physical harm must occur during or immediately after the theft offense.
 Physical harm to a person means any illness, excuse me, any injury, illness or physiological impairment regardless of its gravity or duration.
 Serious physical harm to persons means any of the following: Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric *Page 17 
 treatment; any physical harm that carries a substantial risk of death; any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity; any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement; any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
(Nov. 8, 2007 Tr. at 503-06). Fourth, in closing argument the prosecution treated the division (A)(3) aggravated robbery as a strict-liability offense. Summarizing the evidence presented with regard to division (A)(3), the prosecutor stated the following:
 * * * And, again, you're going to have the opportunity to review the photographs that are here. There are also stipulated medical reports from Defiance Hospital indicating the severity of the injuries sustained by Mr. Sanders and what transpired and, of course, you heard the testimony of Mr. Sanders and Ms. Sanders and also don't forget Margaret Roddy who told you how bloody he was and I think she characterized it as it looked like somebody out of a horror movie and said that it looked much worse than these photographs taken by the Sheriff's Department because he had gone in an cleaned himself up. So these pretty nasty pictures in and of themselves but he looked worse than that when she first saw him after he had to walk ten minutes from the wooded area to her house.
(Nov. 8, 2007 Tr. at 483-84). (Emphasis added). The State basically argued that the photographic and medical evidence speaks for itself and was sufficient to find Alvarez guilty under of a division (A)(3) aggravated robbery. As such, the State treated the division (A)(3) aggravated robbery as a strict-liability offense. *Page 18 
 {¶ 24} Accordingly, this Court finds that all four Colon prongs are met in this case. Since all four Colon prongs are met, this Court must follow the Supreme Court's direction and conclude that the defective indictment so permeated Alvarez's trial such that the trial court did not reliably function as a vehicle for determination of guilt or innocence; and therefore, the defective indictment was a structural error. Colon I, 2008-Ohio-1624, at ¶ 44, citing Perry, 2004-Ohio-297, at ¶ 17.
 {¶ 25} Alvarez's first assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. II The trial court committed plain error by ordering Mr. Alvarez to pay $3,719.95 restitution without considering his present and future ability to pay, as required by R.C. 2929.19(B)(6). (Sentencing Transcript, Dec. 19, 2007, at 14; Judgment Entry, Dec. 26, 2007).
 {¶ 26} In his second assignment of error, Alvarez argues that the trial court erred in ordering him to pay restitution without considering his present or future ability to pay as required by R.C. 2929.19(B)(6). Specifically, Alvarez argues that he was determined to be indigent, the trial court heard no evidence on his ability to pay, and the pre-sentence investigation did not contain information about his work history. Under these circumstances, Alvarez argues that the trial court abused its discretion by failing to consider his ability to pay. The State, on the other hand, maintains that the PSI contains sufficient information upon which *Page 19 
the trial court could rely in considering Alvarez's ability to pay; and therefore, the trial court did not abuse its discretion. We agree with the State.
 {¶ 27} We review a trial court's determination of the defendant's ability to pay restitution under an abuse of discretion standard.State v. Brewer (Jan. 28, 1998), 3d Dist. No. 2-97-20, at *3; State v.Horton (1993), 85 Ohio App.3d 268, 619 N.E.2d 527; State v. Myers, 9th Dist. No. 06CA0003, 2006-Ohio-5958, ¶ 12. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. "Generally, R.C. 2929.19(B)(6) is satisfied where a trial court considered a PSI, which typically contains pertinent financial information, or where the transcript demonstrates that the trial court at least considered a defendant's ability to pay." State v.Troglin, 3d Dist. No. 14-06-57, 2007-Ohio-4368, ¶ 38.
 {¶ 28} Alvarez's arguments lack merit. To begin with, Alvarez invited the error of which he now complains by failing to cooperate in the preparation of the PSI. (Dec. 19, 2007 Tr. at 7); (PSI). He will not be rewarded for such action by this Court. Furthermore, the trial court noted that it had reviewed the PSI, and it contained sufficient information from which the trial court could reasonably conclude that Alvarez would have, at least, the future ability to pay restitution. As an initial matter, the trial court ordered a relatively low amount of restitution in this case: $3,719.95. (Id. at 14). Alvarez was twenty-two years of age and was *Page 20 
sentenced to serve thirty-one (31) years imprisonment. (Id. at 13). Accordingly, the trial court could reasonable conclude that Alvarez could pay restitution after he was released from prison around age fifty-three (53). Furthermore, the trial court could reasonably conclude, based upon his felonious assault convictions in this case, that Alvarez was physically able to work, and thus, pay restitution. Under these circumstances, the trial court did not abuse its discretion in ordering that Alvarez pay $3,719.95 in restitution.
 {¶ 29} Alvarez's second assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. III Counsel provided ineffective assistance by failing to impeach Dewayne Sanders' claim of blurry vision during the initial photographic identification with the stipulated medical record. That impeachment addressed identification which was the main issue in the case and would have created a reasonable probability that the jury would not have found Mr. Alvarez guilty beyond a reasonable doubt. Section 10, Article, I, Ohio Constitution; The Sixth Amendment; Strickland v. Washington (1984) 466 U.S. 668; (State's Exhibit 39, Emergency Room Report, labeled page 7).
 {¶ 30} In his third assignment of error, Alvarez argues that he was denied effective assistance of counsel because counsel failed to impeach the victim's claim of blurry vision during the initial photographic identification. The State argues that counsel's failure to cross-examine the victim was a trial strategy; and therefore, insufficient to establish ineffective assistance of counsel. We agree with the State. *Page 21 
 {¶ 31} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. State v. Kole (2001), 92 Ohio St.3d 303, 306,750 N.E.2d 148, citing Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. Strickland, 466 U.S. at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267. Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. State v. Carter (1995), 72 Ohio St.3d 545, 558,651 N.E.2d 965. Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. See State v.Bradley (1989), 42 Ohio St. 3d 136, 141-142, 538 N.E.2d 373, quotingState v. Lytle (1976), 48 Ohio St.2d 391, 396, 358 N.E.2d 623.
 {¶ 32} It is well settled that the scope of cross-examination is considered a trial strategy, and debatable trial tactics do not establish ineffective assistance. State v. Conway, 109 Ohio St.3d 412,2006-Ohio-2815, 848 N.E.2d 810, ¶ 101, citing, State v. Hoffner,102 Ohio St.3d 358, 2004-Ohio-3430, 811 N.E.2d 48, ¶ 45; *Page 22 State v. Campbell (2000), 90 Ohio St.3d 320, 339, 738 N.E.2d 1178. In this case, defense counsel may have decided not to cross-examine because this would have re-emphasized the victim's injuries and bolstered the victim's in-court identification. Such considerations are trial strategy; and as such, do not constitute ineffective assistance of counsel.
 {¶ 33} Alvarez's third assignment of error is, therefore, overruled.
 {¶ 34} Having found error prejudicial to the appellant herein with regard to assignment of error one but no prejudicial error to appellant with regard to assignments of error two and three, we reverse in part and affirm in part the trial court's judgment and remand for proceedings consistent with this opinion.
Judgment Affirmed in Part, Reversed in Part and Cause Remanded.
 SHAW, P.J. and WILLAMOWSKI, J., concur.
[1] The four prongs here were taken from Colon II; however, the four prongs outlined in Colon I are substantially similar. The Court inColon I provided these four prongs: (1) the indictment against defendant did not include all the elements of the offense charged as the indictment omitted the required mens rea; (2) there was no evidence in the record that the defendant had notice that the state was required to prove that he had been reckless in order to convict him of robbery — further the state did not argue that defendant's conduct was reckless; (3) the trial court failed to include the required mens rea in the jury instructions; and (4) in closing argument the prosecuting attorney treated robbery as a strict-liability offense. 2008-Ohio-1624, at ¶¶ 29-31.
[2] This Court notes that the trial court improperly instructed the jury with respect to aggravated robbery's (A)(3) element. The trial court included "threaten to inflict" in its instructions even though threatening to inflict is not sufficient to establish an (A)(3) aggravated robbery. R.C. 2911.01(A)(3). A threat of physical harm is only sufficient for an (A)(2) robbery. R.C. 2911.02(A)(2). Since there was no objection to the instruction, we review for plain error. Applying that standard, we are not convinced the outcome of the trial would have been different in this case given the evidence of actual serious physical harm presented. (State's Exs. 1-40). Furthermore, given our disposition based on the defective indictment, we need not address this error further. *Page 1