{¶ 1} Appellant Daniel Ginley appeals his convictions for aggravated robbery, felonious assault, aggravated menacing, and possession of criminal tools. He assigns the following two errors for our review:
 "I. The trial court erred in denying defendant-appellant's motion to dismiss for violation of his constitutional and statutory speedy trial rights."
 "II. The indictment failed to charge the mens rea element of the counts charging aggravated robbery and a new trial is in order under the Sixth and Fourteenth Amendments of the federal Constitution and Art. I section 10 of the Ohio Constitution and State v. Colon (2008), 118 Ohio St.3d 26."
 {¶ 2} Having reviewed the relevant documents and pertinent law, we affirm Ginley s convictions in part and reverse in part and remand. The apposite facts follow.
 Factual Background {¶ 3} Ginley was arrested on August 22, 2006 for various acts of robbery at U.S. Bank; he was indicted under Case No. CR-487011. On November 17, 2006, the Cuyahoga County Grand Jury indicted Ginley in Case No. CR-488806, which involved several identical counts to Case No. CR-487011, and additional counts related to Ginley's conduct on August 22, 2006. Case No. CR-488806, however, also included counts for Ginley's criminal conduct on August 15, 20, 21, *Page 4 
2006 when he robbed Rexall Drugs, Express Food Mart, and victims David St. John and Kamlesh Vakil.
 {¶ 4} On April 9, 2007, Ginley filed a pro se motion to dismiss for lack of a speedy trial. On October 4, 2007, the trial court conducted a hearing regarding Ginley's motion. At this hearing, the State dismissed Case No. CR-487011. Subsequently, the trial court denied Ginley's motion to dismiss Case No. CR-488806.
 {¶ 5} On October 9, 2007, the remaining case, Case No. CR-488806, proceeded to a jury trial. The case consisted of seven counts of aggravated robbery, four counts of felonious assault, three counts of aggravated menacing, and one count of possession of criminal tools. Except for the criminal tools charge, the remaining counts had notice of prior conviction and repeat violent offender specifications. All of the aggravated robbery counts also included firearm specifications.
 {¶ 6} Pursuant to Ginley's Crim. R. 29 motion, the court acquitted Ginley of the firearm specifications. The jury found Ginley guilty of the remaining counts and notice specifications; the trial court found him guilty of the repeat violent offender specifications. The trial court sentenced Ginley to a total of thirteen years in prison.
 Speedy Trial *Page 5 {¶ 7} In his first assigned error, Ginley argues that the trial court violated his constitutional and statutory rights to a speedy trial.
 {¶ 8} The Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee an accused the right to a speedy and public trial. The standard of review that appellate courts apply to speedy trial issues is to count days as set forth in R.C. 2945.71.[1]
 {¶ 9} Trial must be held within 270 days of arrest in order to effectuate a speedy trial.[2] However, pursuant to R.C. 2945.71(E) each day spent in jail "on a pending charge" acts as three days toward speedy trial time, thus 90 days time in jail would equate to 270 days using the triple-count provision.
 {¶ 10} In calculating the speedy trial time for Case No. CR-488806, we begin counting on the date of the indictment because at the time of the indictment, Ginley was already in jail for Case No. CR-487011. Therefore, because other charges were pending, the one-for-one count applies.
 {¶ 11} It is undisputed that Ginley was indicted in Case No. CR-488806 on November 17, 2006. Trial commenced on October 9, 2007; Ginley was brought to trial 326 days after his indictment. Thus, Ginley has satisfied his initial burden of showing the 270 day speedy-time period was exceeded. Once an accused has *Page 6 
demonstrated that the applicable speedy trial time has expired, he has established a prima facie case for dismissal and the burden shifts to the State to demonstrate the tolling or extensions of time permissible under the law.[3]
 {¶ 12} The time constraints in which to conduct trial may be extended in certain circumstances. R.C. 2945.72 states:
 "The time within which an accused must be brought to trial, or in the case of a felony, to preliminary hearing and trial, may be extended only by the following:
 "* * *
 "(E) Any period of delay necessitated by reason of * * * motion, proceeding, or action made or instituted by the accused.
 "* * *
 "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 13} In the instant case, Ginley requested several continuances regarding pretrials. These continuances alone tolled the time for trial by 87 days. Therefore, subtracting these days from the elapsed 326 days equals 239. Accordingly, based on the tolling of the continuances alone, the record indicates *Page 7 
that Ginley was brought to trial on Case No. CR-488806 well within the 270 days.
 {¶ 14} However, this issue is complicated when determining the time that elapsed regarding the August 22, 2006 counts. Ginley was initially indicted for his August 22, 2006 criminal conduct in the first indictment. The prosecutor dismissed the first indictment at the speedy trial hearing. However, the second indictment contained counts identical to and related to the counts raised in the first indictment. The Ohio Supreme Court in State v. Parker[4] held:
 "In State v. Adams (1989), 43 Ohio St.3d 67, 68, 538 N.E.2d 1025, we adopted the rule established in State v. Clay (1983), 9 Ohio App.3d 216, 218, 9 OBR 366, 459 N.E.2d 609, that `when new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.'"[5]
 {¶ 15} Therefore, regardless of the fact the State dismissed Case No. CR-487011, the time did not start anew with the second indictment if the new and additional charges arose from the same facts as the original charge, and the State knew of these facts at the time of the initial indictment. That is, the State cannot cure the speedy trial violation by reindicting the defendant on the same or similar charges. *Page 8 
 {¶ 16} The State contends the counts in the second indictment as to the August 22, 2006 charges are different than the charges in the first indictment. However, our review indicates that some of the charges are identical, and the remaining counts contain minor differences. As the Court in Parker held, as long as the charges arose from the same facts and the State knew of these facts at the time of indictment, the original speedy trial time applies. Therefore, the counts need not be identical.
 {¶ 17} The State does not argue that it was unaware of all the facts surrounding the August 22 charges when it filed the first indictment. In fact, defense counsel at the speedy trial hearing pointed out that the second indictment did not originate from additional discovery. Accordingly, the original speedy trial time applies to the counts in the second indictment that are related to the August 22 events.
 {¶ 18} In calculating the time for the original indictment, we commence counting the day after Ginley's arrest.[6] We initially apply the triple count provision pursuant to R.C. 2945.71 because Ginley was held in jail in lieu of *Page 9 
jail.[7] Applying the triple count from August 23 to October 17, 2006, 168 days elapsed during this period.
 {¶ 19} Once he was indicted in the second indictment on October 17, Ginley no longer qualified for the triple count provision because the second indictment not only contained charges related to the first indictment, but also contained charges for three additional incidents that occurred on August 15, 20, and 21 of 2006. According to Ginley, taking into the account the continuances and delays caused by his own motions, another 118 days elapsed during this time period. Thus adding the 168 days with the 118 days, 286 days passed. Therefore, Ginley's trial took place 16 days past the 270 day speedy trial time.
 {¶ 20} However, in calculating this time, Ginley does not include the 168 days that elapsed from the time he filed his motion to dismiss on April 9, 2007 until the court ruled on the motion on October 4, 2007. Both the Supreme Court and this court have held that a reasonable delay in ruling upon a defendant's motion to dismiss for failure to comply with speedy trial limitations serves to extend those limitations.[8] *Page 10 
 {¶ 21} Ginley, however, contends it was inexcusable delay for the court to wait 168 days to rule on the motion; therefore, the time should not count against him. However, a review of the docket indicates that the delay was not caused solely by the court's inaction, but also because of Ginley's motion practice.
 {¶ 22} The record indicates after he filed the April 9 motion, Ginley's counsel requested the April 16, 2007 pretrial be continued to April 30 because defense counsel was in trial; the pretrial was held on April 30, where a trial date was set for June 6, 2007. Although the court arguably could have ruled on the speedy trial motion on this date, it did not, and its failure to do so was not unreasonable given the pending June trial date, where the motion could be heard on the record. However, the June trial date was continued at Ginley's request to July 31, 2007. The trial was later continued to August 22, 2007, and then October 9, 2007; however, the journal entry does not contain the basis for these two continuances; therefore, they should not count against Ginley.
 {¶ 23} Given the circumstances, we conclude the trial court's ruling on the motion to dismiss at a hearing conducted on October 4, 2007, was not unreasonable. Even if we conclude the court should have ruled on the motion on the July 31, 2007 trial date, which Ginley contends he did not request to be continued, this results in 113 days being tolled. Deducting the 113 days from the *Page 11 
286 total, results in the trial being conducted on the 173 day, which is well within the 270 day time period.
 {¶ 24} Thus, because the speedy trial time did not run on the first indictment, the trial regarding the counts related to Ginley's conduct on August 22, 2006 contained in the second indictment did not violate Ginley's right to a speedy trial. Accordingly, Ginley's first assigned error is overruled.
 Mens Rea {¶ 25} In his second assigned error, Ginley, relying on the Ohio Supreme Court case of State v. Colon I, [9] argues the counts regarding aggravated robbery failed to include the mens rea element necessary to convict a defendant for aggravated robbery.
 {¶ 26} Colon I held that an indictment for robbery in violation of R.C. 2911.02(A)(2) omitted an essential element of the crime by failing to charge the "recklessness" mens rea element associated with inflicting, attempting to inflict, or threatening to inflict physical harm in the course of a theft offense. The Supreme Court stated that the omission of the reckless mental element from the indictment resulted in the State failing to charge an offense, and that failure constituted "structural error" which required reversal.[10] *Page 12 
 {¶ 27} In the present case, Ginley was charged with aggravated robbery under R.C. 2911.01(A)(1) for counts 1, 3, 11, 12 and 13. He was also charged with aggravated robbery under R.C. 2911.01(A)(3) for counts 2 and 4. Both of these statutes are different than the statute in theColon I case.
 {¶ 28} Section R.C. 2911.01(A)(1) states:
 "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"
 {¶ 29} Unlike robbery as charged in Colon I, the omission of a culpable mental element in R.C. 2911.01(A)(1) does not default to reckless because the Supreme Court has held that "it is not necessary to prove a specific mental state regarding the deadly weapon element of the offense of robbery."[11] The appellate courts have thus far appeared to reject Colon's application to cases of aggravated robbery charged under R.C. 2911.01(A)(1).[12] Consistent with that precedent, we *Page 13 
conclude that aggravated robbery under R.C. 2911.01(A)(1) is a strict liability offense, and that the State did not err by failing to charge a mental element. Accordingly, Ginley's convictions that were based on counts 1, 3, 11, 12 and 13 are affirmed.
 {¶ 30} Ginley was also separately charged under R.C. 2911.01(A)(3) on Counts 2 and 4. R.C. 2911.01(A)(3) provides:
 "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 "* * *
 "(3) Inflict, or attempt to inflict, serious physical harm on another."
 {¶ 31} The statute in Colon I is almost identical to the statutory language of this section. Colon was convicted of robbery under R.C. 2911.02(A)(2), which provides, in pertinent part:
 No person in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 "* * *
 "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another." *Page 14 
 {¶ 32} The Third District in State v. Alvarez[13] addressed an identical situation as the instant case, where the defendant was convicted pursuant to R.C. 2911.01(A)(3). In comparing R.C. 2911.01(A)(3) with R.C. 2911.02(A)(2), the Alvarez court stated as follows:
 "The only substantive differences between these two statutes are: (1)the degree of physical harm that the defendant attempted to inflict or inflicted — physical harm vs. serious physical harm; and (2) a threat of physical harm is sufficient to constitute an (A)(2) robbery, but not sufficient to constitute an (A)(3) aggravated robbery. We fail to see how these distinctions evade Colon I's requirement that "recklessly" be imported into division (A)(3) of the aggravated robbery statute. Therefore, we are not persuaded that Colon I is distinguishable from the present case as the State argues."[14]
 {¶ 33} We agree with the Alvarez court's conclusion that these differences between the statutes do not distinguish Colon I from the instant case. However, our analysis does not end.
 {¶ 34} On reconsideration of Colon I, the Ohio Supreme Court inColon II emphasized that it rested its structural error analysis on those facts showing that the defective indictment spawned multiple trial errors. The Court found that (1) the indictment failed to meet constitutional requirements because it failed to include the mens rea of the crime of robbery;[15] (2) there was no evidence *Page 15 
that the defendant had noticed that the State was required to prove that defendant had been reckless in order to convict him of the crime of robbery;[16] (3) the State did not argue that defendant's conduct in inflicting physical harm on the victim constituted reckless conduct;[17] (4) the trial court failed to include the required mens rea in its instructions to the jury regarding the crime of robbery;[18] (5) there was no evidence that the jury considered whether defendant had been reckless in inflicting, attempting to inflict, or threatening to inflict physical harm, as required under R.C. 2911.02(A)(2); and (6) during closing arguments, the prosecuting attorney treated robbery as a strict-liability offense.[19] These were the considerations the Colon I court considered in concluding:
 "In summary, the defective indictment in this case failed to charge all the essential elements of the offense of robbery and resulted in a lack of notice to the defendant of the mens rea required to commit the offense. This defect clearly permeated the defendant's entire criminal proceeding. The defendant did not receive a constitutional *Page 16 
indictment or trial, and therefore the defective indictment in this case resulted in structural error."[20]
 {¶ 35} In the present case, the indictment defect affected the entire trial as to the R.C. 2911.01(A)(3) counts. Ginley was not provided with notice that he had to prove the injuries were recklessly inflicted because the bill of particulars failed to include the reckless element. Here, as in Colon I, the trial court failed to instruct the jury that it must find Ginley was reckless in attempting to inflict, inflicting, or threatening to inflict physical harm.[21] Furthermore, as was the situation in Colon I, there is no evidence whether the jury considered whether defendant was reckless in threatening to inflict physical harm to the victims. *Page 17 
Finally, during closing arguments, as to the offense of aggravated robbery pursuant to R.C. 2911.01(A)(3), the assistant prosecuting attorney failed to make any reference to the requisite mens rea of "recklessness" as to the causing of physical harm.
 {¶ 36} Because the facts of this case are substantially indistinguishable from those in Colon I, we conclude that Colon I, as reconsidered in Colon II, applies to Ginley's aggravated robbery convictions pursuant to R.C. 2911.01(A)(3). Thus, the defective indictment constituted structural error requiring a reversal as to Counts 2 and 4.[22] Accordingly, Ginley's second assigned error is sustained in part.
Judgment affirmed in part, and reversed in part and remanded for further proceedings consistent with this opinion.
It is order that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 18 
ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR.
[1] State v. Stevens, Cuyahoga App. No. 87693, 2006-Ohio-5914.
[2] See R.C. 2945.71(C)(2).
[3] State v. Geraldo (1983), 13 Ohio App.3d 27, 28; State v.McDonald, 153 Ohio App.3d 679, 2003-Ohio-4935.
[4] 113 Ohio St.3d 207, 2007-Ohio-1534.
[5] Id. at ¶ 18.
[6] See, State v. Steiner (1991), 71 Ohio App.3d 249, 250-251 ("The day of the arrest is not to be included when computing the time within which a defendant must be brought to trial.") See, also, State v.McCornell (1993), 91 Ohio App.3d 141, 145.
[7] Although Ginley's indictment contained several different counts, the Supreme Court in Parker held that when charges arise out of the same factual situation, the charges together constitute a "pending charge" under the triple count provision.
[8] State v. Martin (1978), 56 Ohio St.2d 289; State v. Smith (1981),3 Ohio App.3d 115.
[9] 118 Ohio St.3d 26, 2008-Ohio-1624. ("Colon I").
[10] Id. at syllabus.
[11] See State v. Wharf, 86 Ohio St.3d 375, 1999Ohio-112, paragraph two of the syllabus.
[12] See State v. Price, Cuyahoga App. No. 90308, 2008-Ohio-3454;State v. Wade, Cuyahoga App. No. 90145, 2008-Ohio-4870; State v.Peterson, Cuyahoga App. No. 90263, 2008-Ohio-4239,¶ 13-15; State v.Saucedo, Cuyahoga App. No. 90327, 2008-Ohio-3544, fn. 1; State v.Ferguson, 10th Dist. No. 07AP-640, 2008-Ohio-3827.
[13] 3rd Dist. No. 4-08-02, 2008-Ohio-5189.
[14] ¶ 18.
[15] State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749 at ¶ 28, 29 ("Colon II").
[16] Id. at ¶ 30.
[17] Id.
[18] Id. at 31.
[19] Id.
[20] Id. at ¶ 32. See, also, Colon II, at ¶ 6.
[21] Following the Ohio Supreme Court's decision in Colon, the Ohio Jury Instructions Committee ("the Committee") revised, through provisional instructions, the jury instructions for aggravated robbery, robbery, and aggravated burglary, in order to comport withColon. In revising the jury instruction for aggravated robbery, the committee inserted the term "recklessly" to the provisions of R.C. 2911.01(A)(3), i.e., that the defendant, while committing or attempting to commit a theft offense "recklessly" inflicted or attempted to inflict serious physical harm on the victim. 4 Ohio Jury Instructions (2008), Section 511.01(A)(3) (Revised 5/3/08). Notably, however, the Committee left unchanged the prior version of the instructions for aggravated robbery under R.C. 2911.01(A)(1), which instructed in part that, before finding a defendant guilty, the jury must find, beyond a reasonable doubt, that the defendant, while committing or attempting to commit a theft offense under R.C. 2913.01(K), "had a deadly weapon (on or about his/her person) (under his/her control) and (displayed) (brandished) (indicated that he/she possessed) (used) the weapon." 4 Ohio Jury Instructions (2007), Section 511.01(A)(1).
[22] Cf. State v. Alvarez, supra at ¶ 24; State v. Hill, 10th Dist. No. 07AP-889, 2008-Ohio-4257. But, see, State v. Walker, 6th Dist. No. L-07-1156, 2008-Ohio-4614 (court refused to apply Colon to R.C. 2911.01(A)(3) because Colon states its holding only applies to the facts in that case.) *Page 1