THE STATE OF OHIO, APPELLEE, *v.* EDWARDS, APPELLANT.

[Cite as State v. Edwards (1976), 50 Ohio App. 2d 63.]

(No. 5171—Decided November 30, 1976.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Herbert Creech,* for appellee.

*Mr. John W. Kessler,* for appellant.

McBride, J. After the overruling of a motion to suppress, appellant entered a plea of no contest to aggravated robbery and was sentenced.

The appellant was observed by a Rike's security employee as appellant placed articles of clothing in a shopping bag. He was detained and when he was patted down a .38 caliber revolver was removed from his pocket.

## I.

Appellant argues for his first assignment that the removal of the clothing from the shopping bag was an unlawful search and that his motion to suppress should have been sustained. There is no merit to this assignment.

We may commence with the "plain view" doctrine. Appellant and the articles were seen when he placed them in the shopping bag. There was no search for discovery in the constitutional sense, but a simple, reasonable and lawful repossession by the owner of property openly taken within sight of its employees. Once stolen property is seen no necessity exists for a search. A person cannot throw his cloak over sighted objects and then invoke the constitutional privilege. Nor can he openly put such articles out of sight in a shopping bag and then claim an unlawful seizure while the crime is being committed and reasonable efforts are made to repossess them.

R. C. 2935.041 was enacted by the legislature to grant a *merchant or his employee* a limited right to detain a shoplifter, upon probable cause, until a police officer can be summoned who may then arrest without a warrant. The statutory right of a civilian to detain does not make a police or other public officer out of the merchant or his employee while in the performance of acts in the retail establishment. It is clear from the two separate paragraphs in this statute that the duties of the civilian employee and the public police officer are different and distinct. If the civilian employee may be considered a police officer, then he had the authority to arrest and an arrest upon probable cause being lawful a search and seizure was proper as incident to the arrest.

The first paragraph of the statute provides that the merchant or his employee may recover stolen articles with-

out a search. While we find there was no search but rather a simple removal of clothing out of an open shopping bag, it is argued that this violates the constitutional limitation upon public enforcement officers. However, in *State* v. *Bolan* (1971), 27 Ohio St. 2d 15, the Supreme Court held that R. C. 2935.041 does not place either the merchant or his employee in the category of a law enforcement officer. The same conclusion was reached in *State* v. *McDaniel* (1975), 44 Ohio App. 2d 163, holding that the exclusionary rule does not apply to a private merchant or his employee within the scope of his employment while in or within the immediate vicinity of the establishment. Also, the court said that this is true even though the employee may also be commissioned by the public as some type of officer. His commission may give him a right to carry a gun; however, while in or near the store and while he is in the scope of his private employment by the merchant his rights in such capacity are no more and no less than that of the private merchant. These rights are of statutory origin and are granted to civilians, independent of the duty of law enforcement officers. Therefore, we agree with the foregoing cases that limitations upon public law enforcement officers and especially the exclusionary rule have no application here.

The trial court expressly found that the security employees were engaged in activities within their private employment within the meaning of R. C. 2935.041 and not as public law enforcement officers. Such employees of the merchant are private employees for whom the mechant is responsible in civil actions, particularly for false arrest and other wrongful acts. It was this liability that prompted the enactment of the statute and created the right of reasonable detention. Such enactment for the benefit of the merchant and his employees did not in any sense make either the merchant or his employees public law enforcement officers. The merchant is not relieved of his responsibility for his employees, as argued by appellant. Neither the merchant nor his employees carried out any public duty as a public officer. The doctrine of *respondeat superior* is not suspended by R. C. 2935.041.

As indicated, there is no merit to this assignment.

II.

The appellant committed a theft offense (shoplifting) while he did have in his possession a dangerous weapon. There is credible evidence that he reached for his pocket when he was detained; however, appellant does discuss this in his argument and from our conclusion as to the law it is not necessary to consider actual use or attempt to use the weapon.

For this assignment, appellant claims that his conduct does not constitute a sufficient degree of anti-social behavior to warrant the severe sanctions of aggravated robbery and that appellant did not have the required mental state required, both in violation of the constitution.

As to the severity of the sanction or penalty, this is a legislative not a judicial question. The assignment boils down to what are the essential requirements for aggravated robbery and, as argued, what is the mental state, if any, required in addition to the intent to commit a theft offense. Must there be a use or intent to use the gun?

Briefly stated, R. C. 2911.01 provides that

"No person * * * committing a theft offense * * * shall * * * (1) have a deadly weapon * * * on or about his person or under his control * * *."

The section as originally proposed contained the language: "(1) The offender has, *or causes another to believe he has* a deadly weapon [emphasis added] * * *." The emphasized portion, requiring the defendant to act so as to make the victim *think* the defendant has a weapon, was rejected by the legislature. (Proposed Ohio Criminal Code, March 1971, line 1820.)

On this subject, the Ohio Legal Center's Reference Manual, p. 11-3, concludes:

"In the enacted form, it is the fact of *having* a deadly weapon or dangerous ordnance which is critical. This is in accord with the basic philosophy that the severity of crimes is established by the potential for harm." (Emphasis added.)

The thrust and philosophy of H. B. 511 is to remove

the potential for harm that exists while one is committing a theft offense. The anti-social act is the theft offense, committed while armed with a weapon. Merely *having* the weapon is the potentially dangerous factual condition warranting the more severe penalty. As to the weapon, no mental condition or actual use is necessary or required under the statute.

Appellant cites committee comments to H. B. 511 and says these *must* be followed. This is not correct, as the committee points out in its introduction, citing *Cleveland Trust Co.* v. *Eaton* (1970), 21 Ohio St. 2d 129, 138. No statement is conclusive unless it comes from the legislature itself. While the committee uses the words "threatened personal harm," as to R. C. 2911.01, it continues in language not provided by appellant, to point out in the same paragraph:

"Thus, aggravated robbery includes not only robbery *while armed,* but also robbery in which the offender inflicts or attempts serious personal harm, whether he is armed or not, since in *both cases* there is a high degree of *actual or potential* harm to persons." (Id. at 11-2.)

R. C. Chapter 2911 "expands the concept and coverage of former robbery statutes." It expressly includes the commission of a theft offense by one who *has* a deadly weapon on or about his person or under his control. The legislature could not have expressed its intention in clearer or more simple language. There is no merit to the second assignment.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.