[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 375.]

THE STATE OF OHIO, APPELLEE, *v.* WHARF, APPELLANT.

[Cite as *State v. Wharf*, 1999-Ohio-112.]

*Criminal law—Robbery—Deadly weapon element of R.C. 2911.02(A)(1) does not require the mens rea of recklessness—It is not necessary to prove a specific mental state regarding the deadly weapon element of the offense of robbery to establish a violation of R.C. 2911.02(A)(1).*

1.  The deadly weapon element of R.C. 2911.02(A)(1), to wit, "[h]ave a deadly weapon on or about the offender's person or under the offender's control[,]" does not require the *mens rea* of recklessness.

2.  To establish a violation of R.C. 2911.02(A)(1), it is not necessary to prove a specific mental state regarding the deadly weapon element of the offense of robbery.

(No. 98-1925—Submitted April 20, 1999—Decided September 8, 1999.)

CERTIFIED by the Court of Appeals for Warren County, No. CA97-08-087.

————————————

{¶ 1} On November 12, 1996, appellant, Stephen M. Wharf, was driving an Isuzu Trooper ("Isuzu") that he had stolen from an automobile dealership in Louisville, Kentucky. Appellant drove the Isuzu into a SuperAmerica gas station in Clermont County, Ohio, filled the vehicle's gas tank with gasoline, and drove away from the gas station without paying. Trooper Matt Evans of the Ohio State Highway Patrol proceeded, in a police vehicle, to follow the Isuzu shortly after appellant exited the gas station. After receiving a radio dispatch regarding the theft of gasoline from the SuperAmerica, Evans activated his "pursuit lights," signaling appellant to pull over. At that point, the Isuzu accelerated rapidly and appellant led Evans on a high-speed chase with speeds exceeding 100 miles per hour and spanning three counties. During the chase, Evans noticed appellant reaching in the

backseat of the Isuzu for "something." That something turned out to be a .22 caliber rifle.

{¶ 2} Evans's high-speed pursuit of appellant lasted approximately twenty minutes and also involved law enforcement personnel from several localities. The pursuit ended when law enforcement officers placed "stop sticks" across the roadway and were able to disable the Isuzu by deflating its tires. Evans testified that when he approached the Isuzu to make the arrest, appellant was pointing a rifle at him through the vehicle's passenger side window. As a result, Evans fired his weapon at appellant, striking appellant in the head. After appellant dropped his rifle, he was removed from the Isuzu and placed under arrest.

{¶ 3} Appellant was indicted for, among other things, aggravated robbery in violation of R.C. 2911.01(A)(1). The trial court amended the indictment to robbery in violation of R.C. 2911.02(A)(1). During trial, appellant proposed a jury instruction to the trial court regarding the deadly weapon element of R.C. 2911.02(A)(1). The elements of robbery set forth in R.C. 2911.02(A)(1) are that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control." Appellant requested an instruction that, before the jury could find appellant guilty of robbery, they must find that appellant acted *recklessly* in having a deadly weapon on or about his person. The trial court declined to give the proposed jury instruction.

{¶ 4} Appellant was convicted of committing robbery. On appeal, appellant claimed that the trial court erred in failing to instruct the jury that "recklessly" was the requisite mental state for the deadly weapon element of robbery in R.C. 2911.02(A)(1). The Warren County Court of Appeals disagreed. In affirming the trial court's judgment, the court of appeals held that no mental condition or actual use of a deadly weapon is required pursuant to the statute. Thereafter, the court of appeals determined its judgment to be in conflict with the judgments of the courts

of appeals in *State v. Anthony* (Sept. 30, 1994), Lake App. No. 93-L-096, unreported, 1994 WL 587882; *State v. Gulley* (June 17, 1992), Summit App. No. 15137, unreported, 1992 WL 140006; *State v. Steel* (Oct. 21, 1997), Defiance App. No. 4-96-29, unreported, 1997 WL 661108; and *State v. Westbrook* (Sept. 23, 1992), Licking App. No. 92-CA-2, unreported, 1992 WL 307874. Accordingly, the court of appeals entered an order certifying a conflict. This cause is now before this court upon our determination that a conflict exists.

_____

*Tim Oliver,* Warren County Prosecuting Attorney, and *Andrew L. Sievers,* Assistant Prosecuting Attorney, for appellee.

*Allen & Crossley, L.P.A.,* and *Paige A. Crossley*, for appellant.

_____

**DOUGLAS, J.**

**{¶ 5}** The question certified by the court of appeals is "whether R.C. 2901.21(B) requires the particular robbery element, codified in R.C. 2911.02(A)(1), '[h]ave a deadly weapon on or about the offender's person or under the offender's control,' to be committed with the mens rea of recklessness." In other words, the issue presented for our determination is whether robbery, as defined by R.C. 2911.02(A)(1), requires that, in order to prove the deadly weapon element of the offense, it is necessary that the defendant had recklessness as a state of mind.

**{¶ 6}** R.C. 2901.21 provides in relevant part:

"(A) Except as provided in division (B) of this section, a person is not guilty of an offense unless * * * :

" * * *

"(2) He has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense.

"(B) When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

{¶ 7} As previously mentioned, the offense of robbery is defined in R.C. 2911.02. Appellant was convicted of violating R.C. 2911.02(A)(1), which provides:

"No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control."

{¶ 8} The parties agree that there is no mental state for culpability specified in R.C. 2911.02(A)(1). Because R.C. 2911.02(A)(1) is silent as to the necessary mental state of the offender, the certified question before us can be resolved by determining whether this statute plainly indicates an intent on the part of the General Assembly to impose strict criminal liability.

{¶ 9} Appellant contends that the deadly weapon element set forth in R.C. 2911.02(A)(1) does not plainly indicate that robbery was intended to be a strict liability offense. In contrast, appellee argues that while the predicate offense to robbery, *i.e.,* theft, requires a mental state of knowingly,[1] no separate *mens rea* requirement should be read into the deadly weapon element of the offense of robbery. Appellee contends that possession alone of a deadly weapon is sufficient to find an offender in violation of the robbery statute.

---

1. "Theft" is defined in R.C. 2913.02(A), which provides in part that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent."

**{¶ 10}** Our reading of the statute leads us to conclude that the General Assembly intended that a theft offense, committed while an offender was in possession or control of a deadly weapon, is robbery and no intent beyond that required for the theft offense must be proven. According to the statutory language, possession of a deadly weapon is all that is required to elevate a theft offense to robbery. See *State v. Merriweather* (1980), 64 Ohio St.2d 57, 59, 18 O.O.3d 259, 260-261, 413 N.E.2d 790, 791.[2] In fact, R.C. 2911.02(A)(1) provides that the offender need not have actual physical possession of the weapon but only that it be "under [his or her] control." See *State v. Brown* (1992), 63 Ohio St.3d 349, 351, 588 N.E.2d 113, 114 (citing *Chimel v. California* [1969], 395 U.S. 752, 762-763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685, 694, construing the phrase as meaning "the area from within which [the offender] might gain possession of a weapon * * * "). Furthermore, one need not have the weapon in one's possession or under one's control while committing or attempting to commit a theft offense. A violation of R.C. 2911.02(A)(1) will also be found if the offender has a deadly weapon on or about his person, or under his control, while fleeing after such offense or attempt. Thus, no use, display, or brandishing of a weapon, or intent to do any of the aforementioned acts, is necessary according to the plain language of the statute. Had the legislature so intended, it certainly could have required a level of conduct more severe than it did in order to show a violation of the statute. Thus, by employing language making mere possession or control of a deadly weapon, as opposed to actual use or intent to use, a violation, it is clear to us that the General Assembly intended that R.C. 2911.02(A)(1) be a strict liability offense.

---

2. While *Merriweather* dealt with former R.C. 2911.01, defining "aggravated robbery," the statutory language setting forth the deadly weapon element therein is essentially identical to the statutory language regarding the deadly weapon element of R.C. 2911.02(A)(1) at issue here. See *infra*.

**{¶ 11}** Furthermore, the 1973 Legislative Service Commission Comment to Am.Sub.H.B. No. 511 clearly indicates that the legislature, in defining the offenses of robbery and aggravated robbery, intended to punish the potential for harm to persons as well as actual harm. See Committee Comment to Am.Sub.H.B. No. 511, R.C. 2911.01 and 2911.02. In this regard, we find the rationale of *State v. Edwards* (1976), 50 Ohio App.2d 63, 4 O.O.3d 44, 361 N.E.2d 1083, compelling. At issue in *Edwards* was the deadly weapon element of former R.C. 2911.01(A)(1), which contained essentially the same statutory language at issue here.[3] The Montgomery County Court of Appeals construed the statutory language of former R.C. 2911.01(A)(1), as well as the legislative comments, and held that "[a] person who commits a theft offense is guilty of aggravated robbery, * * * if at the time he has possession or control of a deadly weapon, even though he does not display, use or intend to use such weapon." *Id.* at syllabus. The *Edwards* court noted that "[t]he thrust and philosophy of [Am.Sub.] H.B. [No.] 511 is to remove the potential for harm that exists while one is committing a theft offense. The anti-social act is the theft offense, committed while armed with a weapon. Merely *having* the weapon is the potentially dangerous factual condition warranting the more severe penalty. As to the weapon, no mental condition or actual use is necessary or required under the statute." (Emphasis in original.) *Id.* at 66-67, 4 O.O.3d at 46, 361 N.E.2d at 1086. We find the reasoning in *Edwards* to be persuasive.

**{¶ 12}** We are mindful of the appellate court decisions, cited *supra*, holding that "recklessness" is the mental state necessary to prove the deadly weapon element of R.C. 2911.02(A)(1). However, for the following reasons, we find the reasoning behind those decisions not persuasive.

---

3. Former R.C. 2911.01(A) set forth the elements of aggravated robbery and provided in pertinent part that "[n]o person, in attempting or committing a theft offense * * * or in fleeing immediately after such attempt or offense, shall * * * (1) [h]ave a deadly weapon or dangerous ordnance on or about his person or under his control." See Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866, 1922.

**{¶ 13}** The Summit County Court of Appeals in *Gulley*, the Lake County Court of Appeals in *Anthony*, and the Licking County Court of Appeals in *Westbrook* based their decisions largely on the case of *State v. Crawford* (1983), 10 Ohio App.3d 207, 10 OBR 280, 461 N.E.2d 312. As appellee points out, reliance on *Crawford* in resolving the issue at hand is misplaced. *Crawford* involved former R.C. 2911.01(A)(2), aggravated robbery, which provided in pertinent part that "[n]o person, in attempting or committing a theft offense, * * * or in fleeing immediately after such attempt or offense, shall * * * *[i]nflict, or attempt to inflict serious physical harm on another*." (Emphasis added.) Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866, 1922. In *Crawford*, the Hamilton County Court of Appeals held "recklessness [to] be the standard which the prosecution must meet in proving, beyond a reasonable doubt, that the defendant inflicted, or attempted to inflict, serious physical harm on another." *Crawford,* 10 Ohio App.3d 207, 10 OBR 280, 461 N.E.2d 312, paragraph one of the syllabus. Accordingly, we conclude that the physical harm element of former R.C. 2911.01(A)(2) and the deadly weapon element of R.C. 2911.02(A)(1) are not analogous provisions and cannot be compared in deciding the question, herein, certified to us for determination.

**{¶ 14}** The Defiance County Court of Appeals did not rely on *Crawford* in reaching its decision in the *Steel* case. That court instead cited *State v. Merriweather* (1980), 64 Ohio St.2d 57, 18 O.O.3d 259, 413 N.E.2d 790, and *State v. McSwain* (1992), 79 Ohio App.3d 600, 607 N.E.2d 929, for the proposition that recklessness was the mental state necessary to prove the deadly weapon element of R.C. 2911.02(A)(1). We respectfully disagree. We find, instead, that *Merriweather* stands for the proposition that "robbery under [former] R.C. 2911.02 [was] not a lesser-included offense of the crime of aggravated robbery under [former] R.C. 2911.01(A)(1)." *Merriweather*, 64 Ohio St.2d 57, 18 O.O.3d 259, 413 N.E.2d 790, syllabus. In fact, the court in *Merriweather* stated, in *dictum*, that "as long as the accused merely possesses a deadly weapon or dangerous ordnance

during the commission of a theft[,]" the accused could be convicted of aggravated robbery pursuant to former R.C. 2911.01(A)(1). *Id.* at 59, 18 O.O.3d at 261, 413 N.E.2d at 791. Conversely, *McSwain* did involve the "physical harm" element of former R.C. 2911.01(A)(2) and, thus, in resolving the issue in *McSwain*, the Cuyahoga County Court of Appeals placed proper reliance on *Crawford*. However, we have already noted that the premise that *Crawford* and the physical harm element of former R.C. 2911.01(A)(2) are analogous is not well taken.

{¶ 15} It is apparent that this case bears out precisely the potential type of harm the General Assembly sought to prevent when it enacted R.C. 2911.02(A)(1). Appellant committed a relatively minor theft offense. However, in attempting to elude law enforcement officials, the severity of appellant's unlawful actions and the risk of harm quickly escalated due, in large measure, to a deadly weapon being readily accessible to appellant. This was not a case of neglect, innocent mistake, or pure accident on the part of appellant. This was a situation where the potential for violence was greatly enhanced because appellant, in fleeing after committing a theft offense, had in his possession a firearm.

{¶ 16} By making offenders like appellant strictly accountable for this type of conduct, the General Assembly clearly had in mind the laudable goal of protecting law enforcement officers, but also members of the general public from any potential increased risks of harm. It is axiomatic that an effective means of achieving that goal would be the reduction of criminal activity involving the use of firearms. Accordingly, we answer the certified question in the negative and hold that the deadly weapon element of R.C. 2911.02(A)(1), to wit, "[h]ave a deadly weapon on or about the offender's person or under the offender's control[,]" does not require the *mens rea* of recklessness. In order to prove a violation of R.C. 2911.02(A)(1), no specific mental state is necessary regarding the deadly weapon element of the offense of robbery. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————