OPINION
{¶ 1} Defendant-appellant Harrison D. Williamson, Jr., appeals from an order of the trial court overruling his "Motion, Pro Se: To Challenge Faulty/Incomplete Indictment," filed two years after his conviction and sentence for Aggravated Robbery with a firearm specification. Williamson contends that his case is indistinguishable from *Page 2 State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, reconsidered at 119 Ohio St.3d 204, 2008-Ohio-3749, and that, followingState v. Colon, his indictment is defective for failing to include a mens rea, and this constitutes structural error in the proceedings requiring the vacation of his conviction, for which he is still incarcerated.
 {¶ 2} We agree with the State that Williamson's case is distinguishable from State v. Colon, supra, which involved a conviction for Robbery, in violation of R.C. 2911.02(A)(2). We conclude that each of the elements of Aggravated Robbery, in violation of R.C. 2911.01(A)(1), with which Williamson was charged, either includes a mens rea, or indicates a purpose to impose strict liability for that aspect of the conduct set forth in that element. Accordingly, we conclude that the trial court did not err in overruling Williamson's motion, and its order to that effect is Affirmed.
 I {¶ 3} Williamson was charged by indictment with Aggravated Robbery, in violation of R.C. 2911.01(A)(1), with a firearm specification. In June, 2006, a jury found him guilty, and he was sentenced to six years in prison for Aggravated Robbery, and three years for the firearm specification, to be served consecutively. On appeal, we affirmed.State v. Williamson, Montgomery App. No. 21709, 2007-Ohio-3820.
 {¶ 4} On June 2, 2008, Williamson filed the motion with which this appeal is concerned. In it, he contends that his indictment is jurisdictionally defective because it does not include a mens rea, relying upon State v. Colon, supra. The trial court overruled his motion, concluding that the offense of which Williamson was convicted, Aggravated Robbery, does not have the mens rea element (recklessness) required for *Page 3 
Robbery, the offense with which State v. Colon was concerned.
 {¶ 5} From the order overruling his motion, Williamson appeals.
 II {¶ 6} Williamson's sole assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL ERROR IN DENYING APPELLANT'S CHALLENGE TO THE INDICTMENT WHERE THE INDICTMENT FAILS TO INCLUDE ALL THE ELEMENTS OF THE OFFENSE IN VIOLATION OF SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION."
 {¶ 8} Williamson relies upon State v. Colon, supra, for the proposition that his indictment for Aggravated Robbery is jurisdictionally defective because it does not include a mens rea for the offense. In State v. Colon, the Ohio Supreme Court found the following indictment for Robbery to be defective:
 {¶ 9} "[I]n attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense upon [the victim, the defendant did] inflict, attempt to inflict, or threaten to inflict physical harm on [the victim]." Id., at ¶ 2, bracketed material in the original.
 {¶ 10} The Ohio Supreme Court found that the indictment in that case was fatally defective because it failed to charge that the physical harm allegedly inflicted in that case was recklessly inflicted. It is easy to imagine instances in which physical harm might be negligently inflicted upon others by perpetrators of a theft offense while committing, or attempting to commit the offense, and is even easier to conjure up *Page 4 
instances in which physical harm is negligently, but not recklessly or intentionally, inflicted upon others while fleeing from the offense or attempted offense.
 {¶ 11} In the case before us, Williamson was charged with Aggravated Robbery, in violation of R.C. 2911.01(A)(1). The record before us, having been made up from the moment that Williamson filed his motion, does not actually contain the indictment he is challenging, but he sets forth that indictment in his brief as having charged the offense essentially in the words of the statute, as follows:
 {¶ 12} "Harrison D. Williamson Jr. AKA Junior, on or about the 2nd day of February in the year two thousand and six, in the county of Montgomery, aforesaid, and state of Ohio, in attempting or committing a theft offense as defined in section 2913.01(K) of the Revised Code, or in fleeing immediately after the attempt or offense, did have a deadly weapon, to wit: a handgun and pistol, on or about his person or under his control and displayed the weapon, brandished the weapon, indicated possession of the weapon or used the weapon . . ."
 {¶ 13} Similarly, Williamson sets forth the firearm specification in his brief as follows:
 {¶ 14} "Harrison D. Williams Jr., AKA: Junior, had on or about his person or under his control, a firearm and displayed the firearm, brandished the firearm, indicated that he possessed the firearm, or used it to facilitate the offense . . ."
 {¶ 15} The State does not challenge the accuracy of these quotations, and we accept them as accurate.
 {¶ 16} Both Robbery, with which the defendant in State v. Colon, supra, was charged, and Aggravated Robbery, with which Williamson was charged, require proof *Page 5 
that the defendant attempted or committed a theft offense, or fled immediately after the attempt or offense. Robbery, as charged inState v. Colon, requires proof of the additional element that the defendant inflicted, attempted to inflict, or threatened to inflict, physical harm while committing, attempting to commit, or fleeing immediately after the commission or attempt to commit, a theft offense. It was this additional element involving physical harm that the Supreme Court of Ohio found lacking a mens rea in State v. Colon, not the element involving a theft offense.
 {¶ 17} Aggravated Robbery, as charged in the case before us, requires proof of the additional element that the defendant shall: "[h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]" This additional element, unlike the additional element involving physical harm, has been held to be a strict-liability element. State v. Wharf, 86 Ohio St.3d 375,1999-Ohio-112, 715 N.E.2d 172. "The thrust and philosophy of [the deadly weapon element of Aggravated Robbery] is to remove the potential for harm that exists while armed with a weapon. Merely having the weapon is the potentially dangerous factual condition warranting the more severe penalty. As to the weapon, no mental condition or actual use is necessary or required under the statute." State v. Edwards (1976), 50 Ohio App.2d 63, 66-67, 361 N.E.2d 1083, cited approvingly in State v.Kimble, Mahoning App. No. 06 MA 190, 2008-Ohio-1539.
 {¶ 18} We agree with the State that the additional element involving a deadly weapon, required for the offense of Aggravated Robbery under R.C. 2911.01(A)(1), with which Williamson was charged, is a strict-liability element that does not require a mens *Page 6 
rea.
 {¶ 19} Williamson contends, in his reply brief, that his indictment is nevertheless defective because the element involving a theft offense requires a mens rea, which is lacking in the indictment. State v.Colon, supra, was not concerned with the element of Robbery involving the commission of a theft offense, the attempt to commit a theft offense, or the fleeing from the commission or attempt.
 {¶ 20} "R.C. 2911.01, by making reference to the definition of `theft offense' in R.C. 2913.01, incorporates the `knowingly' standard of culpability from the theft statute." State v. McSwain (1992),79 Ohio App.3d 600, 606, 607 N.E.2d 929, quoted approvingly in State v.Manns, 169 Ohio App.3d 687, 694, 2006-Ohio-5802, ¶ 14. This tells us that the "knowingly" standard of culpability applies to the theft offense element of the Aggravated Robbery offense. It still does not answer the question, because Williamson will doubtless point out that his indictment does not allege that he "knowingly" committed this element of the offense.
 {¶ 21} Fortunately, we do not have to determine whether the absence of an allegation, in Williamson's Aggravated Robbery indictment, that he committed the theft offense element of the offense knowingly, is a fatal defect in the indictment. State v. Colon, supra, was reconsidered at 119 Ohio St.3d 204, 2008-Ohio-3749. Therein, the Supreme Court of Ohio announced: "Therefore, the rule announced in Colon I is prospective in nature and applies only to those cases pending on the date Colon I was announced." Id., ¶ 5. "A new judicial ruling may be applied only to cases that are pending on the announcement date. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has *Page 7 
exhausted all of his appellate remedies." Id., ¶ 4, quoting from Ali v.State, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6.
 {¶ 22} Williamson's appellate remedies in this case were exhausted in 2007, before he filed the 2008 motion with which this appeal is concerned. Therefore, we may not apply the ruling set forth in State v.Colon, supra, in this case.
 {¶ 23} Furthermore, the reconsideration in State v. Colon makes it clear that unless there are multiple errors at the trial following a defective indictment, which has neither been alleged nor demonstrated on the record in this case, defective indictment claims are governed by a plain error standard of review. The record in this appeal fails to demonstrate that the result of Williamson's trial would clearly, or even likely, have been otherwise had Williamson been tried on an indictment that set forth the knowingly culpable mental state for the theft offense element of Aggravated Robbery. Because we do not have in this record a transcript of Williamson's trial, we cannot determine whether the jury was instructed concerning the knowingly culpable mental state for the theft offense element.
 {¶ 24} Williamson's sole assignment of error is overruled.
 III {¶ 25} Williamson's sole assignment of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.
 WOLFF, P.J., and BROGAN, J., concur. *Page 1