**The STATE of Ohio, Appellee,**

v.

**ROBERTSON, Appellant.**

[Cite as *State v. Robertson*, 180 Ohio App.3d 365, 2008-Ohio-6909.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–15.

Decided Dec. 30, 2008.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Barbara Farnbacher, Assistant Prosecuting Attorney, for appellee.

Richard Cline & Co., L.L.C., and Richard A. Cline, for appellant.

_____

SADLER, Judge.

{¶ 1} Appellant, Kyle L. Robertson, filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas convicting him of a number of criminal charges as outlined more fully below. For the reasons that follow, we affirm in part and reverse in part.

{¶ 2} Appellant was indicted by the Franklin County Grand Jury on 20 counts. In summary, the indictment charged:

Count 1 — Aggravated robbery with a firearm specification.

Count 2 — Robbery by having a deadly weapon on or about his person or under his control "and/or" inflicting, attempting to inflict or threatening to inflict physical harm on another, with a firearm specification.

Count 3 — Robbery by having a deadly weapon on or about his person or under his control "and/or" using or threatening the immediate use of force against another, with a firearm specification.

Count 4 — Robbery by inflicting, attempting to inflict or threatening to inflict physical harm on another.

Count 5 — Robbery by using or threatening the immediate use of physical force against another.

Count 6 — Aggravated robbery, with a firearm specification.

Count 7 — Robbery by having a deadly weapon on or about his person or under his control and inflicting, attempting to inflict or threatening to inflict physical harm on another, with a firearm specification.

Count 8 — Robbery by having a deadly weapon on or about his person or under his control "and/or" using or threatening the immediate use of force against another, with a firearm specification.

Count 9 — Robbery by using or threatening the immediate use of force against another.

Count 10 — Robbery by using or threatening the immediate use of force against another.

Count 11 — Aggravated robbery, with a firearm specification.

Count 12 — Robbery by having a deadly weapon on or about his person or under his control "and/or" inflicting, attempting to inflict or threatening to inflict physical harm on another, with a firearm specification.

Count 13 — Robbery by using or threatening the immediate use of force against another, with a firearm specification.

Count 14 — Aggravated robbery, with a firearm specification.

Count 15 — Robbery by having a deadly weapon on or about his person or under his control "and/or" inflicting, attempting to inflict or threatening to inflict physical harm on another, with a firearm specification.

Count 16 — Robbery by using or threatening the immediate use of force against another, with a firearm specification.

Counts 17 through 20 — Having a weapon while under a disability.

{¶ 3} Counts 1, 2, 3, and 17 were alleged to have been committed on June 11, 2006, at a Duke & Duchess store. Counts 4, 5, 6, 7, 8, 9, and 18 were alleged to have been committed on June 14, 2006, at a TJ Maxx store (Counts 4 and 5), a Meijer store (Counts 6, 7, and 8), and a CVS store (Count 9). Count 10 was alleged to have been committed on June 18, 2006, at an Ameristop store. Counts 11, 12, 13, and 19 were alleged to have been committed on June 19, 2006, at a Walgreen's store. Counts 14, 15, 16, and 20 were alleged to have been committed on June 20, 2006, at Andy's Carryout.

{¶ 4} Prior to trial, eight of the gun specifications were dismissed by the state. A jury trial was held starting October 29, 2007. The jury was unable to reach a verdict as to Count 4; acquitted appellant on Counts 5, 11, and 19; acquitted him on Count 10, but convicted him of the lesser included offense of attempted theft; and convicted appellant on the remaining 15 counts. The trial court sentenced appellant as follows:

Count 1: 4 years, plus 3 years mandatory for the gun specification;

Count 2: 3 years;

Count 3: 2 years;

Count 6: 4 years, plus 3 years mandatory for the gun specification;

Count 7: 3 years;

Count 8: 2 years;

Count 9: 3 years;

Count 12: 3 years;

Count 13: 2 years;

Count 14: 4 years, plus 3 years mandatory for the gun specification;

Count 15: 3 years;

Count 16: 2 years;

Count 17: 1 year;

Count 18: 1 year;

Count 20: 1 year.[1]

{¶ 5} The sentences on Counts 1, 6, 9, 12, 14, and 17 were ordered to be served consecutively to each other and to the three gun specifications. The sentences on the remaining counts were ordered to be served concurrently with each other and concurrently with the sentences on Counts 1, 6, 9, 12, 14, and 17, for a total of 28 years in prison.

{¶ 6} Appellant filed this appeal, alleging a single assignment of error:

Mr. Robertson's Ohio Constitutional right to a grand jury indictment and Mr. Robertson's right to due process of law under the Ohio and Federal Constitutions were violated when his indictment contained duplicitous counts and omitted an element of the offense on the robbery counts.

{¶ 7} Under the single assignment of error, appellant alleges three separate "Issues Presented For Review." The first two issues presented are interrelated and will therefore be addressed together. In the first issue, appellant argues that his indictment was defective for failing to allege a culpable mental state on the aggravated-robbery and robbery counts, and his convictions should therefore be reversed based on the decision by the Supreme Court of Ohio in *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 ("*Colon I*"). In the second issue, appellant argues that a number of the counts in the indictment were duplicitous in that they alleged more than one offense in the same count.

{¶ 8} In *Colon I*, the defendant had been convicted of robbery in violation of R.C. 2911.02(A)(2), which provides that "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * (2) Inflict, attempt to inflict, or threaten to inflict

---

1. Although appellant was convicted of the lesser included offense of attempted theft on Count 10 of the indictment, the court's sentencing entry states that he was acquitted on Count 10, and does not include any sentence as to the attempted theft conviction.

physical harm on another." The indictment charging the offense tracked the language of the statute. The defendant argued that the indictment was defective because it failed to specify a culpable mental state for the offense of robbery and therefore failed to include an element of the offense.

{¶ 9} The first question the court considered was what mental state had to be proven to establish the robbery offense. Because R.C. 2911.02(A)(2) does not specifically identify a mental state, the court looked to R.C. 2901.21(B), which provides that "[w]hen the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

{¶ 10} The court held that R.C. 2911.02(A)(2) neither specified culpability nor indicated a purpose to impose strict liability, and consequently the culpable mental state for the offense is recklessness. *Colon I*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, at ¶ 14. The state conceded, and the court concluded, that the indictment was defective because it failed to allege that the defendant had recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. Id. at ¶ 15.

{¶ 11} The court then considered whether the deficiency in the indictment could be raised for the first time on appeal. The court found that the deficient indictment in that case constituted structural error and could therefore be raised for the first time on appeal. Id. at ¶ 19. The court found that the defective indictment was structural error because the deficiency so permeated the conduct of the trial that it could only be considered structural in nature. Id. at ¶ 20. In reaching this conclusion, the court relied on four factors identified in the trial record: (1) the indictment violated the constitutional right to indictment by grand jury by failing to list all elements of the crime charged, (2) the defendant had no notice that the state was required to prove that he had acted recklessly, (3) the state did not argue at trial that the defendant had acted recklessly, nor had the jury been instructed that it had to find the defendant's conduct reckless in order to convict him, and (4) the prosecutor had treated robbery as a strict-liability crime in closing argument. Id. at ¶ 29–31.

{¶ 12} The state filed a motion seeking reconsideration of the court's decision. In response, the court issued a decision that while adhering to the original determination that the defective indictment had resulted in structural error, clarified the scope of the decision's applicability. *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 ("*Colon II*"). The court emphasized that plain-error analysis, rather than structural-error analysis, would normally be

applied to defective indictment cases and that structural-error analysis should only be applied to cases where the deficiency in the indictment resulted in multiple errors throughout the course of the trial. Id. at ¶ 7. The court stated that "[s]eldom will a defective indictment have this effect, and therefore, in most defective indictment cases, the court may analyze the error pursuant to Crim.R. 52(B) plain-error analysis." Id. at ¶ 8.

{¶ 13} Appellant argues that none of the aggravated-robbery or robbery counts in the indictment specified a culpable mental state, rendering the indictment defective and the convictions void under *Colon I*. The three aggravated-robbery counts in the indictment for which appellant was convicted, Counts 1, 6, and 14, all contained the same language describing the offense: that while committing or attempting to commit a theft offense, appellant had a deadly weapon on or about his person or under his control and indicated that he possessed the weapon. Thus, each of the aggravated-robbery counts set forth the offense of aggravated robbery under R.C. 2911.01(A)(1), which provides that "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

{¶ 14} We have held that aggravated robbery under R.C. 2911.01(A)(1) is a strict-liability offense and that *Colon I* therefore does not apply because the indictment is not required to set forth a culpable mental state for the offense. *State v. Ferguson,* Franklin App. No. 07AP–640, 2008-Ohio-3827, 2008 WL 2932005, citing *State v. Wharf* (1999), 86 Ohio St.3d 375, 715 N.E.2d 172. Consequently, appellant's indictment was not defective as to the aggravated-robbery counts.

{¶ 15} Of the robbery counts for which appellant was convicted, Counts 2, 12, and 15 each allege that appellant committed robbery by having a deadly weapon on or about his person "and/or" inflicting, attempting to inflict, or threatening to inflict physical harm. Thus, these three counts allege two alternative ways in which appellant committed the offense: one a violation of R.C. 2911.02(A)(1) and one a violation of R.C. 2911.02(A)(2). Count 7 also uses language describing violations of R.C. 2911.02(A)(1) and 2911.02(A)(2). However, that count does not use "and/or" as a conjunction between the described offenses. Counts 3 and 8 each allege that appellant committed robbery by having a deadly weapon on or about his person "and/or" threatening the immediate use of force. Thus, these two counts also allege two alternative ways by which appellant committed the offense: one a violation of R.C. 2911.02(A)(1) and one a violation of R.C. 2911.02(A)(3). Counts 9 and 13 alleged that appellant committed robbery by

using or threatening the immediate use of force and thus allege violations only of R.C. 2911.02(A)(3).

{¶ 16} Appellant argues that the counts that alleged alternative ways to have committed the offense of robbery were improperly duplicitous, requiring reversal of the convictions on those counts. " 'Duplicity' as the term is used in regard to criminal charges, is the joinder of two or more distinct offenses in one count." *State v. Moore*, Cuyahoga App. No. 80416, 2003-Ohio-1154, 2003 WL 1090601, at ¶ 43. Appellant did not raise any objection to the use of "and/or" in some of the counts of the indictment. Crim.R. 12(C) provides that "[p]rior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial: * * * (2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)." Nothing in *Colon I* purports to affect the provisions of Crim.R. 12(C)(2). Consequently, appellant's failure to object to the use of conjunctive language in some counts of the indictment waives all but plain error in that regard. See *Moore* at ¶ 46.

{¶ 17} The next issue in considering how *Colon I* applies to this case is to determine to which of the robbery counts it applies. By its terms, and as stressed in the court's decision on reconsideration, *Colon I* only applies to robbery under R.C. 2911.02(A)(2) because the element of recklessness must be imported from R.C. 2901.21(B) for the element of inflicting, attempting to inflict, or threatening to inflict physical harm. In this case, Counts 2, 7, 12, and 15 alleged robbery as violations of R.C. 2911.02(A)(2) and did not specify reckless-ness as the required mental culpability for the offense. Consequently, those counts of the indictment alleging violations of R.C. 2911.02(A)(2) are defective under *Colon I.*

{¶ 18} However, we need not proceed to consider the next part of the *Colon I* analysis by determining whether the deficiencies so permeated the conduct of the trial as to give rise to structural error. Counts 2, 12, and 15 alleged R.C. 2911.02(A)(2) robbery, but also alleged alternatively that appellant violated R.C. 2911.02(A)(1) by having a weapon on or about his person or under his control. Count 7, while not using "and/or" to separate the two types of robbery offense, also specified both R.C. 2911.01(A)(1) and (A)(2) robbery, and the jury was instructed in the alternative as to that count. Courts have previously held that R.C. 2911.02(A)(1) robbery is a strict-liability offense. *Wharf*, 86 Ohio St.3d 375, 715 N.E.2d 172; *Ferguson*, 2008-Ohio-3827, 2008 WL 2932005. The counts of the indictment alleging robbery in violation of R.C.

2911.02(A)(1) were therefore not defective for failing to allege any mental state for that offense.

{¶ 19} The record shows that the jury in this case could have convicted appellant of robbery in violation of R.C. 2911.02(A)(1) on Counts 2, 7, 12, and 15. Count 2 arose from the incident at the Duke & Duchess store, Count 7 arose from the incident at a Meijer store, and Count 15 arose from the incident at Andy's Carryout. For each of those incidents, appellant was also charged with and convicted of aggravated robbery with a gun specification. Consequently, with respect to those three counts of robbery, the jury necessarily found that appellant had a deadly weapon on or about his person at the time of the commission of the offense. Because there was overwhelming evidence supporting appellant's conviction of the R.C. 2911.02(A)(1) form of robbery, it is not necessary for us to apply *Colon* to those counts. *State v. Chester,* Franklin App. No. 08AP–1, 2008-Ohio-6679, 2008 WL 5265860, at ¶ 43. For the same reasons, applying plain-error analysis to appellant's claims of duplicitous counts in the indictment, we find no plain error because, even assuming error by duplicity in the indictment, we cannot say that, but for the error, the result of the trial would have been different.

{¶ 20} Count 12 arose from the incident at a Walgreen's store. Appellant was also charged with aggravated robbery with a gun specification from that incident, but was acquitted on that count. However, the jury verdict forms do not indicate which element of the offense of aggravated robbery the state failed to prove, and consequently do not constitute a finding one way or the other on the issue of which form of robbery appellant was guilty of in Count 12. Because appellant could have been convicted of the R.C. 2911.02(A)(1) form of robbery in Count 12, reversal of that count under *Colon* is not mandated. *Chester,* 2008-Ohio-6679, 2008 WL 5265860.

{¶ 21} Counts 3 and 8 of the indictment alleged that appellant committed robbery by having a deadly weapon on or about his person or under his control "and/or" by using or threatening the immediate use of force. Thus, those counts alleged alternatively that appellant violated R.C. 2911.02(A)(1) "and/or" R.C. 2911.02(A)(3). Counts 9, 13, and 16 alleged that appellant committed robbery by using or threatening the immediate use of force, and thus alleged violations only of R.C. 2911.02(A)(3).

■ {¶ 22} The issue then becomes whether Colon applies to robbery as set forth in R.C. 2911.02(A)(3). Although the Supreme Court of Ohio stressed in its decision on reconsideration in *Colon II* that the decision only applied to the R.C. 2911.02(A)(2) form of robbery, this court recently decided that it also applies to R.C. 2911.02(A)(3) robbery. *Chester,* 2008-Ohio-6679, 2008 WL 5265860.

{¶ 23} We note that with respect to Counts 3 and 8, although those counts alleged alternative violations of R.C. 2911.02(A)(1) and 2911.02(A)(3), it is necessary for us to consider those counts in light of *Colon.* Count 3 arose from the same incident as Count 2, and Count 8 arose from the same incident as Count 7. Having already determined that appellant could have been convicted of R.C. 2911.02(A)(1) robbery on Counts 2 and 7, appellant could not have also been convicted of R.C. 2911.02(A)(1) robbery on Counts 3 and 8. Thus, we apply *Colon* to the robbery indictments in Counts 3, 8, 9, 13, and 16, and conclude that those counts were defective for failing to allege the element of recklessness with respect to the R.C. 2911.02(A)(3) charges.

{¶ 24} Having concluded that those five counts of the indictment were defective, we must then consider whether those defects so permeated the conduct of the trial as to constitute structural error. In *Colon I,* the court identified several factors in the conduct of the trial that led to the conclusion that structural error had occurred: (1) the indictment was unconstitutional for having failed to specify all elements of the crime, (2) the defendant had no notice that the state was required to prove his conduct had been reckless, (3) the state did not argue that appellant was reckless, and the trial court did not instruct the jury that the defendant could not be convicted unless the jury found his conduct had been reckless, and (4) in closing argument, the prosecutor treated the crime as a strict-liability offense. *Colon I,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, at ¶ 29–31.

{¶ 25} Notwithstanding the Supreme Court of Ohio's conclusion in *Colon II* that the circumstances identified in *Colon I* as creating structural error are unique to that case, our review of the record in this case shows that all four factors were present.[2] The indictment failed to specify the mental state for R.C. 2911.02(A)(3) robbery, and nothing in the record indicates that appellant had notice that recklessness was the mental state required for the offense. The state did not argue in closing arguments that appellant was reckless, and nothing in the instructions given to the jury identified recklessness as the required mental state. Finally, in closing arguments, the prosecutor treated R.C. 2911.02(A)(3) robbery as a strict liability offense.[3]

---

2. As noted by Justice O'Donnell in his dissenting opinion in *Colon I,* the first two factors are actually not additional factors, but simply are reasons supporting the conclusion that an indictment was defective. *Colon I,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, at ¶ 51 (O'Donnell, J., dissenting). Consequently, the first two factors will nearly always (if not always) be present in a case where an indictment has been determined to be defective for failing to allege the mental culpability for the offense.

3. In closing argument, the prosecutor stated, "And robbery with the threat of force. Again, let's look at this. Use or threaten the immediate use of force. I have a gun. Give me all the cash now. What's the logical inference? Give me your money."

{¶ 26} Consequently, we must conclude that Counts 3, 8, 9, 13, and 16 of the indictment were defective for failing to allege the mental state of recklessness necessary for commission of the offense and that structural error occurred as a result. Consequently, we reverse appellant's convictions on those counts.

{¶ 27} In the third issue identified for review, appellant argues that some of the robbery convictions were allied offenses of similar import to other convictions, and he therefore could not have been convicted of all of the robbery counts. Specifically, appellant argues that (1) Counts 2 and 3 were allied offenses of the aggravated-robbery conviction in Count 1 because all arose from the incident at the Duke & Duchess store, (2) Counts 7 and 8 are allied offenses to the aggravated-robbery conviction in Count 6 because all arose from the incident at the Meijer's store, (3) Count 13 was an allied offense to the robbery conviction in Count 12 because both arose from the incident at the Walgreen's store, and (4) Counts 15 and 16 are allied offenses to the aggravated-robbery conviction in Count 14 because all arose from the incident at Andy's Carryout.

{¶ 28} We have already reversed appellant's convictions on Counts 3, 8, and 16 because *Colon* structural error occurred. Appellant's argument regarding allied offenses of similar import is not encompassed in appellant's stated assignment of error, which only concerns alleged errors in the indictment, rather than errors in sentencing. Generally, we are not required to address arguments raised in briefing that are not encompassed within any of the stated assignments of error. See App.R. 16.

{¶ 29} However, the state concedes as error the failure to merge Counts 2, 3, 7, 8, 13, 15, and 16 for sentencing purposes, agreeing with appellant's contention that those counts were allied offenses of similar import. The state argues that it is not necessary for us to do more than vacate those sentences because the court's sentencing entry ordered the sentences on each of those counts to be served concurrently, and we need not remand the case for resentencing. Because our reversal of the convictions on Counts 3, 8, 9, 13, and 16 requires that we remand this case for resentencing, the trial court on remand should consider the effect of the state's concession on sentencing.

{¶ 30} Consequently, we sustain appellant's assignment of error and reverse appellant's convictions for robbery under Counts 3, 8, 9, 13, and 16 of the indictment, overrule appellant's assignment of error as to the remaining counts, and remand this matter to the Franklin County Court of Common Pleas for further proceedings consistent with this opinion.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

McGRATH, P.J., and BROWN, J., concur.

Brown, Judge, concurring.

{¶ 31} While I concur with the majority decision, I do not agree that the Supreme Court of Ohio made clear in *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 (*"Colon II"*) that the decision only applied to R.C. 2911.02(A)(2). Upon reconsideration of *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (*"Colon I"*), the Supreme Court stated that "the syllabus in *Colon I* is confined to the facts in that case." *Colon II* at ¶ 8. Justice O'Donnell, in his dissent in *Colon II*, raised the issue of treating defendants with the same defective indictment issue as *Colon I* in the same manner. See id. at ¶ 12. While the facts surrounding the offenses in this case are different from the facts surrounding the offenses in *Colon I*, the same defect exists here as well as the same four errors found to follow the defective indictment in *Colon I*.