OPINION *Page 2 
{¶ 1} Defendant-Appellant Andrew J. Crusse appeals the judgment of the Court of Common Pleas of Licking County, Ohio, which accepted his guilty plea and sentenced him for aggravated robbery with a gun specification and obstruction of justice.
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Appellant was indicted on September 1, 2006 on five counts: Aggravated Robbery R.C. 2911.01(A)(1); Robbery R.C. 2911.02(A)(2); Firearm Specifications (Two Counts) (Three Years) R.C. 2929.14(D) and R.C. 2941.145; Having Weapons While Under Disability R.C. 2923.13(A)(3); Obstructing Justice R.C. 2921.32(A)(2). Appellant plead not guilty to all counts.
 {¶ 4} Appellant negotiated and changed several of his pleas to guilty on November 17, 2006, with the State agreeing to dismiss Counts 2, 3, and the firearm specification to Count 2.
 {¶ 5} Appellant was sentenced to a term of nine years in prison (Exhibit 1 — JE of Sentence); 5 years on Count 1; three years on the firearm specification to Count 1; and 1 year on Count 4, with all sentences to run consecutively. He was also placed on 5 years of post-release control and granted 81 days of jail time credit.
 {¶ 6} Appellant appealed his conviction on December 12, 2006, with trial counsel acting as appellate counsel via appointment of March 6, 2007. Appellant moved this Court, and this Court remanded to the trial court for consideration of substitution of counsel. *Page 3 
 {¶ 7} By entry dated May 15, 2007, the trial court removed trial counsel and appointed different appellate counsel.
 {¶ 8} On his original direct appeal, Appellant asserted one assignment of error:
 {¶ 9} "THE SENTENCING OF THE DEFENDANT-APPELLANT WAS UNCONSTITUTIONAL."
 {¶ 10} On April 28, 2008, this Court filed an opinion affirming Appellant's conviction.
 {¶ 11} On July 1, 2008, Appellant filed an Application for Reopening pursuant to Ohio Appellate Rule 26(B), alleging that his appellate counsel was ineffective for failing to assign error to the allegedly deficient indictment, as set out in State v. Colon, 118 Ohio St. 3d. 26,2008-Ohio-1624, 885 N.E. 2d 917 (Colon I).
 {¶ 12} On reconsideration the Ohio Supreme Court held the rule inColon I is prospective only and may only be applied to cases that are pending on the date it was announced, see State v. Colon,119 Ohio St. 3d 204, 2008-Ohio-3749 (Colon II). Colon I was announced on April 9, 2008.
 {¶ 13} As Appellant's original direct appeal opinion was not filed until April 28, 2008, this Court concluded the issue raised in ColonI may be raised by Appellant. The Court went on to find that there was a genuine issue as to whether Appellant was deprived of the effective assistance of counsel on appeal, and Appellant's motion to reopen was granted by the Court.
 {¶ 14} Pursuant to this Court's August 18, 2008 entry, this matter appears before the Court as though upon an appeal of right.
 {¶ 15} Appellant assigns the following errors for review: *Page 4 
 ASSIGNMENTS OF ERROR {¶ 16} "I. APPELLANT'S INDICTMENT WAS CONSTITUTIONALLY DEFECTIVE FOR FAILING TO STATE A NECESSARY CULPABLE MENTAL STATE.
 {¶ 17} "II. APPELLANT'S PLEA WAS ENTERED IN VIOLATION OF HIS DUE PROCESS RIGHTS PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. 1, SEC.10 OF THE OHIO CONSTITUTION."
 I. {¶ 18} In his first assignment of error Appellant contends that the indictment was defective because it failed to charge a mens rea element. In support, Appellant relies on the Supreme Court of Ohio's case captioned State v. Colon, 118 Ohio St.3d 26, 885 N.E.2d 917,2008-Ohio-1624.
 {¶ 19} In State v. Colon ("Colon I"), the court held that where an indictment for robbery failed to contain the applicable reckless element, the issue was not waived where the defendant failed to raise the defect in the trial court. Id. at syllabus. The Colon I court then determined that the defect was a "structural error" because the defective indictment "permeated" the entire trial. Id. at ¶ 29-31,885 N.E.2d 917.
 {¶ 20} On reconsideration, the Supreme Court of Ohio clarified its rulings. State v. Colon, 119 Ohio St.3d 204, 893 N.E.2d 169,2008-Ohio-3749 ("Colon II"). The court first noted that the Colon I
decision was prospective in nature. Id. at ¶ 3, 885 N.E.2d 917. The court then stressed that the facts in the Colon I decision were "unique" in that "the defective indictment resulted in several other violations of the defendant's rights." Id. at ¶ 6, 885 N.E.2d 917. The court then concluded that the structural-error analysis is *Page 5 
appropriate only in "rare" cases and that "in most defective indictment cases, the court may analyze the error pursuant to Crim. R. 52(B) plain-error analysis." Id. at ¶ 8, 885 N.E.2d 917. The court then emphasized that the "syllabus in Colon I is confined to the facts in that case." Id.
 {¶ 21} Appellant argues that, just as in Colon I, the indictment is defective because it failed to include the mens rea elements for the aggravated robbery and robbery charges contained in the indictment.
 {¶ 22} Initially, we note that several Ohio appellate districts have found Colon I to be inapplicable in cases where a defendant has entered a guilty plea (and consequently was not tried under the indictment).
 {¶ 23} This Court, in State v. Ellis, Guernsey App. No. 2007-CA-456,2008-Ohio-7002, held:
 {¶ 24} "In the case at bar, the trial court accepted appellant's plea. There was no jury impaneled and therefore, no argument was made alleging this to be a strict liability offense nor was a jury improperly instructed. Appellant was appointed counsel and he, with the assistance of counsel, entered into a negotiated plea. Appellant was sentenced pursuant to that negotiated plea. Appellant did not object and therefore failed to preserve his claim that the indictment against him was constitutionally defective.
 {¶ 25} "Accordingly, this is not a case where the omission in the complaint permeated the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence."
 {¶ 26} See also, State v. Smith, Lucas App. No. L-07-1346,2009-Ohio-48, at ¶ 10 ("Upon review, we find that the fact that appellant entered a guilty plea and did not *Page 6 
proceed to trial distinguishes this case from Colon I. The Colon I
decision was largely based on the multiple errors that occurred at trial. Moreover, `[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'"); State v. Hayden, Cuyahoga App. No. 90474,2008-Ohio-6279; State v. McGinnis, Allen App. No. 15-08-07.
 {¶ 27} However, even assuming the holding in Colon I to be applicable to situations in which a defendant has entered a guilty plea, we shall address such argument only as it applies to the aggravated robbery charge as the State dismissed the robbery charges and Appellant pled only to the aggravated robbery charge and attendant firearm specification.
 {¶ 28} Appellant was charged with aggravated robbery under R.C. § 2911.01 (A)(1), which provides:
 {¶ 29} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 30} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it; * * *."
 {¶ 31} This Court, in State v. Thompson, Ashland App. No. 08COA018,2008-Ohio-5332, has previously held that Colon I is not applicable to a conviction for aggravated robbery under R.C. § 2911.01(A)(1) finding such to be a strict liability offense *Page 7 
for which no mens rea need be proven. See also State v. Mason, 6th Dist. No. L-06-1404, 2008-Ohio-5034; State v. Harris, 6th Dist. Nos. L-06-1402, L-06-1403, 2008-Ohio-6168. State v. Mills, Franklin App. No. 08AP-687, 2008-Ohio-6609; State v. Ferguson, Franklin App. No. 07AP-640,2008-Ohio-3827, at ¶ 50 ("because a violation of that provision [R.C. 2911.01(A)(1) ] requires no intent beyond that required for the theft offense, the state did not err by omitting the mens rea of recklessness in the indictment").
 {¶ 32} The Supreme Court of Ohio, in State v. Wharf,86 Ohio St.3d 375, 715 N.E.2d 172, 1999-Ohio-112, held that "[t]o establish a violation of R.C. 2911.02(A)(1), it is not necessary to prove a specific mental state regarding the deadly weapon element of the offense of robbery." Id. at paragraph two of the syllabus. The Wharf court stated that "the General Assembly intended that a theft offense, committed while an offender was in possession or control of a deadly weapon, is robbery and no intent beyond that required for the theft offense must be proven." Id. at 377, 715 N.E.2d 172.
 {¶ 33} In State v. Ferguson, 10th Dist. No. 07AP-640, 2008-Ohio-3827, the court applied Wharf in a post-Colon case. In Ferguson, the appellant argued that, under Colon, the indictment charging him with aggravated robbery and robbery was defective because it omitted the recklessness mens rea. Id. at ¶ 31, 885 N.E.2d 917. The court first noted that the charge at issue was, unlike Colon, R.C. 2911.01(A)(1). The court then noted "that although Wharf involved an examination of R.C. 2911.02(A)(1), its holding has been held applicable to R.C. § 2911.01(A)(1)." Id. at ¶ 46, 715 N.E.2d 172, citing State v.Kimble, 7th Dist. No. 06 MA 190, 2008-Ohio-1539. The Ferguson court *Page 8 
concluded that the statute was unaffected by the Colon holding.Id. at ¶ 50, 885 N.E.2d 917.
 {¶ 34} Appellant's first assignment of error is overruled.
 II. {¶ 35} In his second assignment of error Appellant argues that his plea was not knowingly, voluntarily or intelligently entered into. We disagree.
 {¶ 36} Specifically, Appellant argues that the trial court violated his rights by failing to inform him that it "did not have to honor the plea deal and joint sentence recommendation." (Appellant's brief at 14).
 {¶ 37} Upon review, we find that this issue is res judicata as Appellant challenged his sentence and the trial court's rejection of the State's sentencing recommendation in his previous direct appeal.
 {¶ 38} Appellant also argues that his plea was not intelligently, knowingly or voluntarily made because the indictment was constitutionally insufficient based on his argument set forth in his first assignment of error.
 {¶ 39} Based on our disposition of Appellant's first assignment of error, we find such argument to be not well-taken. *Page 9 
 {¶ 40} Appellant's second assignment of error is overruled.
 {¶ 41} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Wise, J. Hoffman, P. J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1