OPINION
{¶ 1} Sean Jones appeals from his conviction of aggravated robbery with a firearm specification. Jones' appellate counsel could find no appealable issues and has filed an Anders brief with the court. Jones has filed his own brief in this matter contending that his *Page 2 
conviction is based on insufficient evidence and the indictment was defective. The State has responded that the evidence presented below was clearly sufficient and the indictment was not defective. The facts presented to the jury which convicted Jones are as follows:
 {¶ 2} On April 20, 2007, Joseph Trammell was just getting off work when he received a call from "Sean." Trammell knew "Sean" as an acquaintance who copied and sold DVDs. They had exchanged phone numbers and met on occasion to buy and sell DVDs. Jones called Trammell, informed him that he had some new DVDs, and asked him to meet at Hillcrest and Bohemian Avenues in Dayton. They met there and Jones got into the passenger seat of Trammell's car. Trammell made his selection — a deal, six for $20 — and as he reached into his pocket to retrieve the $20, Jones pulled out a handgun, pointed it to Trammell's head and demanded all his money. Trammell gave him $237. Jones fired two shots in the air and ordered Trammell to "ride, nigga, ride." As Trammell drove, he heard more shots, but did not look back. Two days later, Trammell found a bullet hole in the back of his car and called the police.
 {¶ 3} Dayton police responded, spoke to Trammell and checked the car for the hole and tried to locate the bullet without success. Trammell gave the police the name, "Sean," as well as Sean's cell phone number. On April 23, 2007, at approximately 9:00 a.m., Trammell met with Det. William Elzholz and gave him the same story about the alleged robbery. Elzholz called Sean's cell phone number that morning, and left a message. Sean returned his call, denied knowing Trammell or having anything to do with selling DVDs. Sean told Elzholz that he had a warrant for jaywalking and provided him with his date of birth and social security number, which Elzholz confirmed was true. With this information, Det. Elzholz was able to construct another photo spread, which he showed to Trammell the same day between 4:00-6:00 p.m. *Page 3 
Trammell, without hesitation, chose Jones' photo as his perpetrator. A warrant was issued for Jones' arrest.
 {¶ 4} On May 8, 2007, Elzholz interviewed Jones, who denied knowing Trammell or selling DVDs. On July 23, 2007, a week prior to trial, Jones called a relative at his mother's home and had that person call Trammell so that he could have a three-way conversation from the county jail. (Tr. 154, 212; State's Exhibit 8.) During the phone call, Jones admitted to taking Trammell's money and holding a gun to his head. (Tr. 152, 212-215.) Jones also asked Trammell to not show up to court. (Tr. 152). Trammell did not recognize the number, but did recognize Jones' voice. (Tr. 154-155.) Trammell recorded the conversation. (Tr. 157-158.) The number turned out to be that of Jones' mother residing on Owens Drive. (Tr. 215.) The records from the jail showed that Jones called a relative on Owens, who called Trammell. (Id.)
 {¶ 5} Sufficiency of the evidence and weight of the evidence are distinct concepts to which different legal tests apply. State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. "Sufficiency" of the evidence refers to its logical capacity to demonstrate both the criminal conduct and the culpable mental state that the alleged criminal liability requires. The test is whether all or some part of the evidence that was admitted in the trial would, if believed, convince the average mind beyond a reasonable doubt that the defendant is guilty of committing the offense charged. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 6} Jones was charged by indictment with aggravated robbery in violation of R.C. 2911.01(A)(1), which states, "Shawn Jones, on or about April 20, 2007, in the County of Montgomery, aforesaid, and State of Ohio, in attempting or committing a theft offense as *Page 4 
defined in Section 2913.01(K) of the Ohio Revised Code, or in fleeing immediately after the attempt or offense, did have a deadly weapon, to-wit: handgun, on or about his/her person or under his control and displayed the weapon, brandished the weapon, indicated possession of the weapon or used the weapon; contrary to the form of the statute (in violation of Section 2911.01(A)(1) of the Ohio Revised Code * * *."
 {¶ 7} Trammell testified that Jones, who he had known for some time, pulled a gun on him and robbed him of $237. Jones called Trammell from the Montgomery County Jail after he was arrested and admitted the aggravated robbery. Trammell tape recorded the phone conversation and it was played for the jury. Trammell identified Jones' voice on the recording. The following conversation occurred in part:
 {¶ 8} "Mr. Trammell: — you put a gun in my face and everything, the way you done shot my car, nigger.
 {¶ 9} "The Defendant: Man, I was under some peer pressure shit, but I didn't know that shit, bro.
 {¶ 10} "Mr. Trammell: (Inaudible)
 {¶ 11} "The Defendant: — you'll get your money back." (Tr. 157-158.)
 {¶ 12} We agree with the State that the evidence presented to the jury demonstrated that the jury verdict was not against the manifest weight of the evidence, nor was it based on insufficient evidence. The jury was free to believe Trammell's testimony, and the taped phone conversation corroborated Trammell's testimony and was quite compelling as to Jones' guilt. The Appellant's first assignment of error is Overruled.
 {¶ 13} In his second assignment, Jones contends his due process rights were violated because the indictment failed to include the required culpability state of recklessness for the *Page 5 
crime of aggravated robbery. The State contends that the recent case ofState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, has no application to Jones because he was charged and convicted of aggravated robbery in violation of R.C. 2911.01(A)(1). We agree. In State v. Williamson, Mont. App. No. 22878, 2008-Ohio-6246, we held that aggravated robbery committed with a deadly weapon contains a mens rea for the underlying theft offense and the deadly weapons element is a strict liability offense. Jones' second assignment is Overruled. We have reviewed the entire record and find that Jones' appeal is entirely frivolous.Anders v. California (1967), 386 U.S. 738. He received effective assistance of counsel and received a fair trial.
 {¶ 14} The judgment of the trial court is Affirmed.
FAIN and GRADY, JJ., concur. *Page 1